JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Krista Saldana, Ind. and Rep. of Est. of David Saldana and a/n/f of Jagger Saldana

**DEFENDANTS** ITT Industries, Inc., Sikorsky Aircraft Corp., a Subsidiary of United Technologies Corp., Est. of Lt. Col. Marc Lee Hohle and Est. of Captain Matthew Brent Thomas

B - 00 - 176

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cameron Co., TX
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ray Marchan, Harris & Watts, 1926 E. Elizabeth, Brownsville, TX 78520, (956) 546-0333

ATTORNEYS (IF KNOWN) Ron A. Sprague, Gendry & Sprague, 645 Lockhill Selma, San Antonio, TX 78216, (210) 349-0511, Atty. for ITT Ind., Inc.; Robert F. Ruckman, Jackson Walker, 901 Main St., Dallas, TX 75202, (214) 953-6000, Atty. for Sikorsky

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability — **PERSONAL INJURY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | — ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights — ☐ 555 Prison Condition | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| | | ☐ 720 Labor/Mgmt. Relations | | |
| | | ☐ 740 Railway Labor Act | | |
| | | ☐ 790 Other Labor Litigation | | |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiffs' claims are barred by Government Contractor Defense (28 U.S.C. §1442(a)(1))
Jurisdiction also based on 28 U.S.C. §1332, 28 U.S.C. §1442(a)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  13 Nov 2000

SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

FOR OFFICE USE ONLY

CutePDF · www.fsoio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KRISTA SALDANA, INDIVIDUALLY      §
AND AS REPRESENTATIVE OF          §
THE ESTATE OF DAVID SALDANA       §
AND AS NEXT FRIEND OF JAGGER      §
SALDANA                           §
                                  §
           Plaintiffs             §
                                  §          B-00-176
VS.                               §   Civil Action No.: _____
                                  §
ITT INDUSTRIES, INC., SIKORSKY    §
AIRCRAFT CORPORATION, A           §
SUBSIDIARY OF UNITED              §
TECHNOLOGIES CORPORATION,         §
THE ESTATE OF LT. COL. MARC       §
LEE HOHLE AND THE ESTATE OF       §
CAPTAIN MATTHEW BRENT THOMAS      §
                                  §
           Defendants             §

<u>SUPPLEMENTAL JS44 CIVIL COVER SHEET</u>

1.  **State Court Information:**

    <u>Court</u>:                        <u>Case Number</u>:

    District Court, 357th         2000-09-003752-E
    Judicial District, Cameron
    County, Texas

2.  **Style of the Case:**

    **Plaintiff:**

    KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE
    ESTATE OF DAVID SALDANA, AND AS NEXT FRIEND OF JAGGER SALDANA

    **Attorney(s) for Plaintiff:**

    Mr. Ray Marchan
    Harris & Watts, P.C
    1926 E. Elizabeth
    Brownsville, Texas 78520

```
Telephone:  (800) 442-2529
Telephone:  (956) 546-0333
Facsimile:  (956) 541-0255
```

**Defendant:**

ITT INDUSTRIES, INC.

**Attorneys for ITT Industries, Inc.:**

```
Mr. Ron A. Sprague
Gendry & Sprague, P.C.
645 Lockhill Selma
San Antonio, Texas 78216
Telephone: (210) 349-0511
Facsimile: (210) 349-2760
```

**Defendant:**

SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF UNITED
TECHNOLOGIES CORPORATION

**Attorneys for Sikorsky Aircraft Corporation:**

```
Mr. Robert F. Ruckman
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
```

**Defendants:**

THE ESTATE OF LT. COL. MARC LEE HOHLE
THE ESTATE OF CAPTAIN MATTHEW BRENT THOMAS

3.   **Jury Demand:**

Jury demand was filed in State Court by ITT Industries, Inc.

4.   **Answer:**

ITT Industries, Inc. filed its Answer in State Court on
November 13, 2000.

Sikorsky Aircraft Corporation, a Subsidiary of United
Technologies Corporation filed its Answer in State Court on

November 13, 2000.

5.   **Unserved Parties:**

The Estate of Lt. Col. Marc Lee Hohle and the Estate of Captain Matthew Brent Thomas have not been served.

6.   **Nonsuited, Dismissed or Terminated Parties:**

None.

7.   **Claims of the Parties:**

Plaintiffs claim that their decedent, Corporal David Saldana, was killed in a Marine helicopter accident caused by defective night vision equipment designed, manufactured and sold by ITT Industries, Inc.

Defendant, ITT Industries, Inc., denies that its night vision equipment was defective, proximately caused any accident and that it is immune from such claims pursuant to the Government Contractor Defense. Defendant, ITT Industries, Inc., also claims that Plaintiff's claims are governed by Virginia law and are barred by Corporal Saldana's contributory negligence and/or assumption of the risk.

r:\ras\saldana\js44.supp

*1*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KRISTA SALDANA, INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF | § | |
| THE ESTATE OF DAVID SALDANA | § | |
| AND AS NEXT FRIEND OF JAGGER | § | |
| SALDANA | § | |
| | § | |
| Plaintiffs | § | |
| | § | B-00-176 |
| VS. | § | Civil Action No.: _____ |
| | § | |
| ITT INDUSTRIES, INC., SIKORSKY | § | |
| AIRCRAFT CORPORATION, A | § | |
| SUBSIDIARY OF UNITED | § | |
| TECHNOLOGIES CORPORATION, | § | |
| THE ESTATE OF LT. COL. MARC | § | |
| LEE HOHLE AND THE ESTATE OF | § | |
| CAPTAIN MATTHEW BRENT THOMAS | § | |
| | § | |
| Defendants | § | |

## NOTICE OF REMOVAL OF ACTION UNDER
## 28 U.S.C. § 1441(b) (DIVERSITY AND FEDERAL QUESTION)

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, ITT INDUSTRIES, INC.,
hereby removes to this Court the state court action described
below:

1.   On September 12, 2000, an action was commenced in the
357th Judicial District Court of the State of Texas in and for
Cameron County, Texas, entitled Krista Saldana, Individually and as
Representative of the Estate of David Saldana and as Next Friend of
Jagger Saldana, Plaintiffs, v. ITT Industries, Sikorsky Aircraft
Corporation, a Subsidiary of United Technologies Corporation, The

Estate of Lt. Col. Marc Lee Hohle and The Estate of Captain Matthew Brent Thomas, Defendants, as Case Number 2000-09-003752-E, a copy of the Plaintiffs' Original Petition is attached hereto as Exhibit "A".

2.   The first date upon which Defendant, ITT INDUSTRIES, INC., received a copy of the said Petition was November 1, 2000, when Defendant was served with a copy of the said Petition and a summons from the said state court.   A copy of the summons is attached hereto as Exhibit "B".   Defendant, ITT INDUSTRIES, INC., has filed the Original Answer of Defendant ITT INDUSTRIES, INC. and Jury Demand, attached hereto as Exhibits "C" and "D", respectively.

3.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which can be removed pursuant to the provisions of 28 U.S.C. § 1442(a)(1) in that it raises issues subject to the Government Contractor Defense. Defendant was acting under federal officers in designing, manufacturing and supplying night vision equipment to the United States Military.

4.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum

-2-

of $75,000.00 exclusive of interest and costs because Plaintiffs'
claims are based on the death of a twenty-seven (27) year old
Marine, father of three and husband.  Plaintiffs sue for loss of
support, mental anguish and other wrongful death damages.

5.  Defendant is informed and believes that Plaintiffs are
citizens of the State of Texas.  Defendant, ITT INDUSTRIES, INC.,
was, at the time of the filing of this action, and still is, a
citizen of Indiana and New York, being incorporated under the laws
of the State of Indiana and having its principal place of business
in the State of New York.

6.  Defendant, SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF
UNITED TECHNOLOGIES CORPORATION, has been served summons and
Original Petition in this action and has filed its Special
Appearance and Original Answer, Subject to its Special Appearance,
and Jury Demand, copies of which are attached hereto as Exhibits
"E", "F" and "G".  Also attached as Exhibit "H" is Defendant,
SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF UNITED TECHNOLOGIES
CORPORATION's Consent to Removal.

7.  The Original Petition also names as Defendants, THE
ESTATE OF LT. COL. MARC LEE HOHLE and THE ESTATE OF CAPTAIN MATTHEW
BRENT THOMAS.  The citizenship of those parties is unknown.
However, the citizenship of said Defendants should be disregarded
for purposes of determining jurisdiction under 28 U.S.C. § 1332 and

-3-

28 U.S.C. § 1441(b) on the ground that there is no possibility that Plaintiffs will be able to establish liability against said parties for the following reasons: LT. COL. MARK LEE HOHLE and CAPTAIN MATTHEW BRENT THOMAS were pilots of the helicopter, acting within the course and scope of their duties as U. S. Marine officers. Corporal SALDANA was on the helicopter in his capacity as a crewman acting within the course and scope of his duties as a U. S. Marine. The claims of Plaintiffs are all barred by the <u>Feres</u> doctrine.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707
Telephone: (210) 349-0511
Facsimile: (210) 349-2760

By: _____
RON A. SPRAGUE
State Bar No. 18962100

ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading was mailed, certified mail, return receipt requested, to Mr. Ray Marchan, Harris & Watts, P.C., 1926 E.

-4-

Elizabeth, Brownsville, Texas 78520, and by regular mail to Mr. Robert F. Ruckman, Jackson Walker, L.L.P., 901 Main Street, Suite 6000, Dallas, Texas 75202, on this 13th day of November, 2000.

RON A. SPRAGUE

r:\ras\saldana\remove.fed

-5-

Case 1:00-cv-00176  Document 1  Filed in TXSD on 11/14/2000  Page 10 of 62

CAUSE NO. 2000-09-5452-1

| | | |
|---|---|---|
| KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA | § § § § § | IN THE DISTRICT COURT |
| | § | |
| VS. | § § | 35TH JUDICIAL DISTRICT |
| | § | |
| ITT INDUSTRIES, SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF UNITED TECHNOLOGIES CORPORATION, THE ESTATE OF LT. COL. MARC LEE HOHLE AND THE ESTATE OF CAPTAIN MATTHEW BRENT THOMAS | § § § § § § § § | CAMERON COUNTY, TEXAS |



FILED 4:55 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
SEP 1 2 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

<u>PLAINTIFFS' ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA, Plaintiffs in the above styled and numbered cause, complaining of ITT INDUSTRIES, SIKORSKY AIRCRAFT CORPORATION A SUBSIDIARY OF UNITED TECHNOLOGIES CORPORATION, THE ESTATE OF LT. COL. MARC LEE HOHLE AND THE ESTATE OF CAPTAIN MATTHEW BRENT THOMAS, hereinafter called Defendants and as grounds thereof would respectfully show the court as follows:

1

EXHIBIT "A"

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 11 of 62

## DISCOVERY CONTROL PLAN LEVEL

I.

Plaintiff intends to conduct discovery under Level 3, pursuant to Texas Rules of Civil Procedure 190.01.

II.

## JURISDICTION AND VENUE

This court has jurisdiction and venue is proper in Cameron County, Texas because under civil practices and remedies code section 15.002.

III.

## PARTIES AND SERVICE

Plaintiff **Krista Saldana, individually and as Representative of the Estate of David Saldana** brings this action for the wrongful death of **David Saldana.**

2.     Plaintiff **Krista Saldana as Next Friend of Jagger Saldana** brings this action for the wrongful death of David Saldana. Plaintiff resides in Cameron County, Texas.

3.     Defendant **I.T.T. Industries,** is a business or corporation authorized to do business in the State of Texas and may be served with process at I.T.T. Industries, 33 Centerville Road, Lancaster, Pennsylvania 17603.

2

CUIPDF - www.foxire.com

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 12 of 62

4.      Defendant **SIKORSKY AIRCRAFT CORPORATION** a **subsidiary of UNITED TECHNOLOGIES CORPORATION** is a corporation duly authorized to conduct business in the State of Texas, by serving its agent for service CT corporation Systems, 1021 Main Street, Ste 1150, Houston, Texas 77002.

5.      Defendant **LT. COL. MARC LEE HOHLE** was a citizen of the State of Texas and his estate may be served on Richard A. Hohle, at 2603 East Side DRive, Austin, Texas 78704.

6.      Defendant **THE ESTATE OF CAPTAIN MATTHEW BRENT THOMAS** may be served with process at 1911 Dyer Court, Justin, California 92782.

## IV.

## FACTS

Defendant, I.T.T. Industries was at all times mentioned herein a corporation doing business under the laws of the State of Texas, and was engaged in the design, manufacture, distributing and sale of the Night Vision Goggle System, which is sold in the State of Texas, for the purpose of providing helicopter operators the ability to see clearly during night flying operations.

3

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 13 of 62

## V.

On or about April 19, 1999, David Saldana was a crew member on a military helicopter that crashed at sea near Okinawa, Japan. The pilots Lt. Col. Johie and Captain Thomas of the helicopter was using the ITT Night Vision Goggle System, and while using the Night Vision Goggle System for the purpose and in the manner in which it was intended to be used, suddenly and without warning it failed to provide clear vision to the pilot who was operating the helicopter when transitioning from a high light area/high cultural lighting/visible  lighting/visible horizon to one of no light/no horizon, thereby causing the helicopter to crash into the sea causing the death of David Saldana, as hereinafter described.

## Vi.

The malfunction, the failure to warn and/or the defective design of the Night Vision Goggle System was proximately caused by the negligence of Defendant ITT Industries, their agents, servants and/or employees in:

1.      In failing to warn the United States Government  and its foreseeable users of the Night Vision Goggles that they would fail in transitioning from a high light area/high cultural lighting/visible lighting/visible horizon to one of no light/no horizon.

4

CVAPDF - www.fasiso.com

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 14 of 62

2.     In failing to warn that the transition from high light area/high cultural lighting/visible lighting/visible horizon to no light/no horizon conditions would cause temporary inability to see to such an extent that visual warning devices could not be detected in order to avoid injury and/or death.

All of which Defendant, ITT Industries knew, or in the exercise of ordinary care, should have known.

At all relevant times the night vision goggles and its component parts including its warnings were essentially in the same condition or in reasonably foreseeable conditions when they were placed into the stream of commerce to be purchased by the people of the United States of America and for use by the United States of America's military personnel.

## VII.

Plaintiffs, Krista Saldana, Individually and as Representative of the Estate of David Saldana and as next Friend of Jagger Saldana, Melquiades Saldana and Aurelia B. Saldana would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of Defendant's negligence in one or more of the following respects, or by combination thereof.

5

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 15 of 62

1.    In failing to properly warn the United States Government and

its foreseeable users about the condition of said Night Vision Goggle

System and its attendant equipment;

2.    In failing to warn the United States Government  and its

foreseeable users of the Night Vision Goggles that they would fail in

transitioning from a high light area/high cultural lighting/visible

lighting/visible horizon to one of no light/no horizon.

3.    In failing to warn that the transition from high light area/high

cultural lighting/visible lighting/visible horizon to no light/no horizon

conditions would cause temporary inability to see to such an extent that

visual warning devices could not be detected in order to avoid injury

and/or death.

## VIII.

Defendant ITT, owed a duty to design, manufacture, distribute, sell,

inspect, and provide adequate instructions and warnings for the Night

Vision Goggle System and its components, so as not to cause injury or

death to those who use such night vision goggle system including

**Krista Saldana, Individually and as Representative of the Estate**

**of Representative of The Estate of David Saldana and as next**

**Friend of Jagger Saldana.**   Defendant ITT  violated their duty when

6

11/08/2000 13:32 FAX 212 809 5435          PRODUCTS AIRLINES                                    ☒010
NOV-08-2000  10:40               SH                                    212 345 4562    P.09

they designed, manufactured, distributed, sold, failed to inspect and failed

to provide adequate instructions and warnings and sold the defective Night

Vision Goggle System and its components to the people of the United

States including Plaintiffs herein.    It was foreseeable that **Krista**

**Saldana, individually and as Representative of the Estate of**

**Representative of The Estate of David Saldana and as next**

**Friend of Jagger Saldana** could have been injured, suffered damages or

killed as a result of the acts or omissions to act of defendant **ITT** because

of defendants' special knowledge of the product and its component parts.

As a result of the acts and/or omissions of defendants **ITT** in designing,

manufacturing, distributing, selling, inspecting, and providing inadequate

instructions and warnings,  **Krista Saldana, individually and as**

**Representative of the Estate of Representative of The Estate of**

**David Saldana and as next Friend of Jagger Saldana** suffered

injuries, damages and death as more fully set forth hereinafter, and said

acts or omissions were the actual and proximate cause of **Krista**

**Saldana, individually and as Representative of the Estate of**

**Representative of The Estate of David Saldana and as next**

**Friend of Jagger Saldana** their injuries, damages and/or deaths.

Defendants' **ITT** impliedly and expressly guaranteed that the Night Vision

7

11/09   95t'ON 65:81 00, 20/11          2762 969 tt6          S3IYLSNDNI LLI

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 17 of 62

Goggle Systems and its component parts had been so designed,

constructed, inspected and serviced that it would perform the actual

service for which it was designed and was of such quality that it would

not fail under normal circumstances and cause injuries, damages or death.

These warranties were breached by the defendant ITT and each of them.

Through said defendants' ITT advertising programs in which it solicited

the government to purchase the Night Vision Goggle Systems and its

component parts, which they either designed, manufactured, distributed,

sold, and inspected said defendants warranted and guaranteed that said

Night Vision Goggle System and its component parts had either been

properly constructed, or suitable for its purpose and safe to use. **Krista**

**Saldana, individually and as Representative of the Estate of**

**Representative of The Estate of David Saldana and as next**

**Friend of Jagger Saldana** as foreseeable users, relied upon said

defendants' warranties and guarantees. Said defendants breached said

warranties by designing, manufacturing, distributing, selling, failing to

inspect and failing to provide adequate instructions and warnings for such

defective and unsafe Night Vision Goggle Systems and its component

systems as hereinafter described.

8

CutePDF - www.fasisa.com

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 18 of 62

## IX.

Additionally, Plaintiffs say that defendants ITT is guilty of negligence, negligence _per se_, gross negligence and/or malice in the designing, testing, distributing, manufacturing, and selling of the Night Vision Goggle System and its component systems in question including but not limited to:

1.    In failing to warn of the defect or defects described above;

2.    In committing errors during the design phase of the warnings or parameters of use;

3.    In failing to install adequate safety warning devices and/or advises;

4.    In using and installing safety warning devices which failed in use;

5.    In failing to make adequate safety tests or checks after manufacture and/or prior to sale of the warnings;

6.    In using unsafe or unsuitable materials in manufacture and/or warnings;

7.    In failing to plan and test foreseeable uses including use of provided warnings;

9

Case 1:00-cv-00176  Document 1  Filed in TXSD on 11/14/2000  Page 19 of 62

8.    In adding unnecessary matters to the warnings;

9.    In failing to keep abreast of scientific knowledge;

10.   In failing to measure up to, or meet accepted industry standards;

11.   In failing to do adequate research as to proper parameters of use or warnings;

12.   In failing to adopt safe warning designs to carry out the intended use;

13.   In failing to adopt safe designs to carry out reasonable inspection; of the adequacy of the warnings and parameters of use of the Night Vision Goggle Systems.

14.   In failing to provide for plaintiffs' safety under the circumstances.

Plaintiffs' **Krista Saldana, Individually and as Representative of the Estate of Representative of The Estate of David Saldana and as next Friend of Jagger Saldana** further invoke the doctrine of <u>res ipsa loquitur</u> as the characteristic of this aviation disaster is such that it would not ordinarily happen in the absence of negligence of ITT and the Night Vision Goggle Systems and its warnings.

NOV  8 2000

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 20 of 62

or lack thereof, causing the collision was under the management and
control of ITT at the time the negligence probably· occurred.

Plaintiffs say further that the design defect was known to
defendants ITT and the said defendants are guilty of negligence,
negligence per se, gross negligence and/or malice in failing to adequately
warn the plaintiffs and others of the probable danger posed by the threat
of the failure of the Night Vision Goggle Systems and its warnings and
parameters of user information, its component parts and systems which
would likely result in serious bodily injuries or even death.  Defendants
ITT failed to give, place or caused to be placed  an adequate warning of
any kind on about said Night Vision Goggle Systems and  its component
parts systems which would have alerted plaintiffs and others of the
extent of danger of the Night Vision Goggle Systems.  It was readily
foreseeable that persons using the Night Vision Goggle Systems and its
component systems would be using Night Vision Goggle Systems while in
aviation.  This failure to warn the plaintiffs was a producing cause of the
injuries, damages, and even death to the plaintiffs herein.  The total want
of care and the utter disregard of duty while the defendants ITT knew or
should have known of the unsafe condition of the Night Vision Goggle
Systems and its component systems exhibit and reflect a total want of

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 21 of 62

care and conscious and wilful indifference to the life and safety of plaintiffs and other similarly situated.

## X.

Plaintiffs say further that the Night Vision Goggle Systems and its component systems were defectively designed in that there were no instructions, inadequate instructions, regarding the deficiencies in transitioning from a high light area/high cultural lighting/high visible lighting to one of the no light/no horizon and the effect thereof causing an inability to see visual warning devices that protected persons from injury and death.

The total want of care and the utter disregard of duty, while the defendants ITT knew or should have known of the unsafe condition of the Night Vision Goggle Systems and its component systems during use exhibits and reflects a total want of care and conscious disregard and indifference to the life and safety of plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA** and other persons similarly situated.

At the time it was manufactured, distributed, sold, provided and inspected and at all times thereafter, the Night Vision Goggle Systems and

12

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 22 of 62

its component systems were not as warranted but rather were defective
such that they were not fit for the purpose it which it was to be used,
they would not pass without objection in the trade and they were not free
from defects as to its parameters of operation and proper warnings of use.
As a result of Defendants' ITT breach of warranties, plaintiffs bring this
cause of action pursuant to §17.50 and all relevant provisions of the
Deceptive Trade Practices Consumer Protection Act, under the provisions
of Title 1, Chapter 2 of the Business and Commerce Code and the under the
common law rules of warranty.

<div align="center">XI.</div>

The defendants ITT are strictly liable pursuant to §402a and §402b
of the Restatement of Torts 2nd, as adopted by the Texas Supreme Court,
as well as, the Texas Wrongful Death Act and the Texas Survival Statute.

<div align="center">XII.</div>

The nature scope and extent of the operation of defendants ITT and
other manufacturers, distributors, inspectors, and sellers, similarly
situated requires a significant award of punitive damages if said
defendants ITT and other similar entities are to take heed and be
influenced by said award, to conduct their business and to prevent injury
and death from the use of the Night Vision Goggle Systems and their

<div align="center">13</div>

CUtePDF - www.testo.com

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 23 of 62

component systems with due regard and concern for those persons similarly situated who might be using the Night Vision Goggle Systems and their component systems.

## XIII.

The malfunction, the failure to have proper warnings and/or the defective design of the CH53E Helicopter was proximately caused by the negligence of Defendant **Sikorsky Aircraft Corporation a subsidiary of United Technologies Corporation**, their agents, servants and/or employees in:

1. In failing to warn the United States Government and its foreseeable users that the use of Night Vision Goggles would interfere with helicopter operators perceptions of low level/low altitude visual warning devices when transitioning from a high light area/high cultural lighting/visible lighting/visible horizon to one of no light/no horizon.

2. In failing to warn that the transition from high light area/high cultural lighting/visible lighting/visible horizon to no light/no horizon conditions would cause temporary inability to see to such an extent that visual warning devices could not be detected in order to avoid injury and/or death,

14

CANPDF - www.fasito.com

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 24 of 62

All of which Defendant, **Sikorsky Aircraft Corporation, A
subsidiary of United Technologies Corporation** knew, or in the
exercise of ordinary care, should have known.

At all relevant times the CH53E Helicopter and its component parts
including its warnings were essentially in the same condition or in
reasonably foreseeable conditions when they were placed into the stream
of commerce to be purchased by the people of the United States of
America and for use by the United States of America's military personnel.

## XIV.

Plaintiffs, Krista Saldana, Individually and as Representative of the
Estate of David Saldana and as next Friend of Jagger Saldana, Melquiades
Saldana and Aurelia S. Saldana would show the court that the occurrence
made the basis of this suit and the resulting injuries and damages set out
below were a direct and proximate result of Defendant's **Sikorsky
Aircraft Corporation a subsidiary of United Technologies
Corporation** negligence in one or more of the following respects, or by
combination thereof.

1.     In failing to properly warn the United States Government and
its foreseeable users about the use of said Night Vision Goggle Systems
and its attendant equipment upon users' ability to perceive low level/low

CutePDF - www.tesla.com

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 25 of 62

altitude visual warning devices when transitioning from a high light area/high cultural lightning/visible lighting/visible horizon to one of no light/no horizon;

2.     In failing to warn that the transition from high light area/high cultural lighting/visible lighting/visible horizon to no light/no horizon conditions would cause temporary inability to see to such an extent that visual warning devices could not be detected in order to avoid injury and/or death.

## XV.

Defendant SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION, owed a duty to design, manufacture, distribute, sell, inspect, and provide adequate instructions and warnings for the Night Vision Goggle System and its components, so as not to cause injury or death to those who use such night vision goggle system including **Krista Saldana, Individually and as Representative of the Estate of Representative of The Estate of David Saldana and as next Friend of Jagger Saldana.**     Defendant **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION**   violated their duty when they designed, manufactured, distributed, sold, failed to inspect and failed to provide

16

CutePDF - www.tevia.com

Case 1:00-cv-00176  Document 1  Filed in TXSD on 11/14/2000  Page 26 of 62

adequate instructions and warnings and/or sold the defective CH53E
Helicopter and its components to the people of the United States including
Plaintiffs herein.   It was foreseeable that **Krista  Saldana,
Individually  and  as  Representative  of  the  Estate  of
Representative  of  The  Estate  of  David  Saldana  and  as  next
Friend  of  Jagger  Saldana** could have been injured, suffered damages or
killed as a result of the acts or omissions to act of defendant **SIKORSKY
AIRCRAFT CORPORATION a** subsidiary of **UNITED TECHNOLOGIES
CORPORATION** because of defendants' special knowledge of the product
and its component parts.  As a result of the acts and/or omissions of
defendants   in designing, manufacturing, distributing, selling, inspecting,
and providing inadequate instructions and warnings,  **Krista  Saldana,
Individually  and  as  Representative  of  the  Estate  of
Representative  of  The  Estate  of  David  Saldana  and  as  next
Friend  of  Jagger  Saldana** suffered injuries, damages and death as more
fully set forth hereinafter, and said acts or omissions were the actual and
proximate cause of Krista Saldana, **Individually  and  as
Representative  of  the  Estate  of  Representative  of  The  Estate  of
David  Saldana  and  as  next  Friend  of  Jagger  Saldana** their injuries,
damages and/or deaths.   Defendants' **SIKORSKY  AIRCRAFT**

Case 1:00-cv-00176  Document 1  Filed in TXSD on 11/14/2000  Page 27 of 62

**CORPORATION** a subsidiary of **UNITED TECHNOLOGIES CORPORATION** impliedly and expressly guaranteed that the CH53E Helicopter and its component parts had been so designed, constructed, inspected and serviced that it would perform the actual service for which it was designed and was of such quality that it would not fail under normal circumstances and cause injuries, damages or death. These warranties were breached by the defendant **SIKORSKY AIRCRAFT CORPORATION** a subsidiary of **UNITED TECHNOLOGIES CORPORATION** and each of them. Through said defendants' **SIKORSKY AIRCRAFT CORPORATION** a subsidiary of **UNITED TECHNOLOGIES CORPORATION** advertising programs in which it solicited the government to purchase the CH53E Helicopter and its component parts, which they either designed, manufactured, distributed, sold, and inspected said defendants warranted and guaranteed that said CH53E Helicopter and its component parts had either been properly constructed, or suitable for its purpose and safe to use. **Krista Saldana, Individually and as Representative of the Estate of Representative of The Estate of David Saldana and as next Friend of Jagger Saldana,** as, foreseeable users, relied upon said defendants' warranties and guarantees. Said defendants breached said warranties by designing, manufacturing,

18

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 28 of 62

distributing, selling, failing to inspect and failing to provide adequate instructions and warnings for such defective and unsafe Night Vision Goggle Systems and its component systems as hereinafter described.

## XVI.

Additionally, Plaintiffs say that defendants **SIKORSKY AIRCRAFT CORPORATION** a subsidiary of **UNITED TECHNOLOGIES CORPORATION** is guilty of negligence, negligence per se, gross negligence and/or malice in the designing, testing, distributing, manufacturing, and selling of the CH53E Helicopter and its component systems in question including but not limited to:

1.    In failing to warn of the defect or defects described above;

2.    In committing errors during the design phase of the warnings or parameters of use;

3.    In failing to install adequate safety warning devices and/or advises;

4.    In using and installing safety warning devices which failed in use;

5.    In failing to make adequate safety tests or checks after manufacture and/or prior to sale of the warnings;

19

CHIPDF - www.fenta.com

6.    In using unsafe or unsuitable materials in manufacture and/or warnings;

7.    In failing to plan and test foreseeable uses including use of provided warnings;

8.    In adding unnecessary matters to the warnings;

9.    In failing to keep abreast of scientific knowledge;

10.    In failing to measure up to, or meet accepted industry standards;

11.    In failing to do adequate research as to proper parameters of use or warnings;

12.    In failing to adopt safe warning designs to carry out the intended use;

13.    In failing to adopt safe designs to carry out reasonable inspection of the adequacy of the warnings and parameters of use of the Night Vision Goggle Systems,

14.    In failing to provide for plaintiffs' safety under the circumstances.

Plaintiffs' Krista Saldana, Individually and as Representative of the Estate of Representative of The Estate of David Saldana and as next Friend of Jagger Saldana further invoke

20

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 30 of 62

the doctrine of res ipsa loquitur as the characteristic of this aviation

disaster is such that it would not ordinarily happen in the absence of

negligence of **SIKORSKY AIRCRAFT CORPORATION a subsidiary of**

**UNITED TECHNOLOGIES CORPORATION** and the CH53E Helicopter and its

warnings, or lack thereof, causing the collision was under the management

and control of **SIKOSKY AIRCRAFT CORPORATION a subsidiary of**

**UNITED TECHNOLOGIES CORPORATION** at the time the negligence

probably occurred.

Plaintiffs say further that the design defect was known to

defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of**

**UNITED TECHNOLOGIES CORPORATION** and the said defendants are

guilty of negligence, negligence per se, gross negligence and/or malice in

failing to adequately warn the plaintiffs and others of the probable danger

posed by the threat of the failure of the CH53-E helicopter and its

warnings and parameters of user information, its component parts and

systems which would likely result in serious bodily injuries or even death.

Defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of**

**UNITED TECHNOLOGIES CORPORATION** failed to give, place or caused to

be placed  an adequate warning of any kind on about said Night Vision

Goggle Systems and  its component parts systems which would have

CltkPDF - www.fasisa.com

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 31 of 62

alerted plaintiffs and others of the extent of danger of the Night Vision Goggle Systems when used in conjunction with the CH53-E Helicopter. It was readily foreseeable that persons using the Night Vision Goggle Systems and its component systems would be using Night Vision Goggle Systems while in aviation. This failure to warn the plaintiffs was a producing cause of the injuries, damages, and even death to the plaintiffs herein. The total want of care and the utter disregard of duty while the defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** knew or should have known of the unsafe condition of the Night Vision Goggle Systems and its component systems while in use with the CH53-E helicopter exhibit and reflect a total want of care and conscious and wilful indifference to the life and safety of plaintiffs and other similarly situated.

## XVII.

Plaintiffs say further that the CH53-E when used with the Night Vision Goggle Systems and its component systems were defectively designed in that there were no instructions, inadequate instructions, regarding the deficiencies in transitioning from a high light area/high cultural lighting/high visible lighting to one of the no light/no horizon and

22

the effect thereof causing an inability to see visual warning devices that protected persons from injury and death.

The total want of care and the utter disregard of duty, while the defendants **SIKORSKY AIRCRAFT CORPORATION** a subsidiary of **UNITED TECHNOLOGIES CORPORATION** knew or should have known of the unsafe condition of the Night Vision Goggle Systems and its component systems during use exhibits and reflects a total want of care and conscious disregard and indifference to the life and safety of plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA** and other persons similarly situated.

At the time it was manufactured, distributed, sold, provided and inspected and at all times thereafter, the Night Vision Goggle Systems and its component systems were not as warranted but rather were defective such that they were not fit for the purpose it which it was to be used, they would not pass without objection in the trade and they were not free from defects as to its parameters of operation and proper warnings of use. As a result of Defendants' **SIKORSKY AIRCRAFT CORPORATION** a subsidiary of **UNITED TECHNOLOGIES CORPORATION** breach of warranties, plaintiffs bring this cause of action pursuant to §17.50 and

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 33 of 62

all relevant provisions of the Deceptive Trade Practices Consumer

Protection Act, under the provisions of Title 1, Chapter 2 of the Business

and Commerce Code and the under the common law rules of warranty.

## XVIII.

The defendants **SIKORSKY AIRCRAFT CORPORATION** a

subsidiary of **UNITED TECHNOLOGIES CORPORATION** are strictly

liable pursuant to §402a and §402b of the Restatement of Torts 2nd, as

adopted by the Texas Supreme Court, as well as, the Texas Wrongful Death

Act and the Texas Survival Statute.

## XIX.

The nature scope and extent of the operation of defendants

**SIKORSKY AIRCRAFT CORPORATION** a subsidiary of **UNITED**

**TECHNOLOGIES CORPORATION** and other manufacturers, distributors,

inspectors, and sellers, similarly situated requires a significant award of

punitive damages if said defendants **SIKORSKY AIRCRAFT**

**CORPORATION** a subsidiary of **UNITED TECHNOLOGIES**

**CORPORATION** and other similar entities are to take heed and be

influenced by said award, to conduct their business and to prevent injury

and death from the use of the Night Vision Goggle Systems with CH53-E

and their  component systems with due regard and concern for those

24

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 34 of 62

persons similarly situated who might be using the Night Vision Goggle
Systems and their component systems.

<div align="center">**XX.**</div>

Additionally, Plaintiffs say that defendants **The Estate of Lt. Col.
Marc Lee Hohle and the Estate of Captain Matthew Brent Thomas**
are guilty of negligence including but not limited to:

1.    In failing to avoid the collision of the CH53-E helicopter.

Plaintiffs' **Krista Saldana, Individually and as
Representative of the Estate of Representative of The Estate of
David Saldana and as next Friend of Jagger Saldana** further invoke
the doctrine of res iosa loquitur as the characteristic of this aviation
disaster is such that it would not ordinarily happen in the absence of
negligence of **The Estate of Lt. Col. Marc Lee Hohle and the Estate
of Captain Matthew Brent Thomas** and the Night Vision Goggle
Systems and its warnings, or lack thereof, causing the collision was under
the management and control of **The Estate of Lt. Col. Marc Lee Hohle
and the Estate of Captain Matthew Brent Thomas** at the time the
negligence probably occurred.

<div align="center">25</div>

Case 1:00-cv-00176    Document 1    Filed in TXSD on 11/14/2000    Page 35 of 62

## XXI.

Additionally, Plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA§ AND AS NEXT FRIEND OF JAGGER SALDANA** have suffered pecuniary losses including the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that they would, in reasonable probability, have received from their father, husband and/or son had he lived.

At all times material hereto, all of the agents, servants, and/or employees for Defendants, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendants, are further liable for the negligent acts and omissions of their employees under the doctrine of Respondeat Superior.

## DAMAGES FOR PLAINTIFF, KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA

## XXII.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Krista Saldana, Individually and as Representative

26

Case 1:00-cv-00176    Document 1    Filed in TXSD on 11/14/2000    Page 36 of 62

of the Estate of David Saldana has incurred the following damages;

1.     Mental anguish in the past;

2.     Mental anguish in the future;

3.     Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services and/or physical relations;

4.     Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations.

### DAMAGES FOR PLAINTIFF, KRISTA SALDANA

### AS NEXT FRIEND OF JAGGER SALDANA

### XXIII.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Krista Saldana as next friend of Jagger Saldana has incurred the following damages:

1.     Mental anguish in the past;

2.     Mental anguish in the future;

3.     Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

CutePDF - www.heria.com

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 37 of 62

4.     Loss of Parental Consortium in the future including damages to
the parent-child relationship, including loss of care, comfort, solace,
companionship, protection, services, and/or parental love.

### WRONGFUL DEATH AND SURVIVAL CLAIMS

### XXIV.

Plaintiffs, Krista Saldana, Individually and as Representative of the
Estate of David Saldana and as next friend of Jagger Saldana, are the
surviving heirs at law of David Saldana, hereinafter called "the decedent."
Plaintiffs bring this wrongful death and survival action pursuant to
TEX.CIV.PRAC.&REM. CODE, 71.001 et seq. and 71.021, respectfully, because
of injuries suffered by the decedent resulting in decedent's wrongful
death based upon the facts and legal theories more fully set out above.

### XXV.

At the time of the decedent's wrongful death, the decedent was
survived by his wife, Krista Saldana, Individually and as Representative of
the Estate of David Saldana and as next friend of Jagger Saldana the
persons entitled to recover damages in this action. At such time the
decedent was in a reasonably good health with a normal life expectancy.

Additionally, Plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND
AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS**

28

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 38 of 62

**NEXT FRIEND OF JAGGER SALDANA** seek nonpecuniary damages from the Defendants for their loss of companionship and society as a result of the untimely death of their father and husband David Saldana. This element of damages includes the love, comfort, companionship and society of the decedent, **DAVID SALDANA.**

**KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA** also seek from defendants damages for their mental anguish that is, emotional pain, torment and suffering experienced because of their family member's death. Plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA** seek damages for their loss of inheritance, that is, the loss of the present value of the assets, in excess of family living expenses that the decedent, **DAVID SALDANA** would, in reasonably probability would have added to their estates and that, in reasonable probability, would have been inherited by the Plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA**, at the end of the Decedent **DAVID SALDANA'S**, natural life. By reason of the foregoing, Plaintiffs

29

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 39 of 62

KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF
THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER
SALDANA have been damaged by the Defendant in an amount in excess of
the minimum jurisdictional limits of this court.  Plaintiff KRISTA
SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE
OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA also
seek punitive damages from the defendant.

## XXVI.

Plaintiffs would show that by reason of the injuries sustained as
above alleged, DAVID SALDANA suffered serious and painful injuries to
his body.  DAVID SALDANA was 27 years old at the time of the
occurrence in question.  He was in good health with a reasonable life
expectancy of 47.3 according to the U.S. Life Tables of 1988.    During his
lifetime, he had been energetic, helpful, and a good father, husband and
son.  He performed numerous and usual tasks in and about the family
residence and gave and received, comfort, companionship and society.  In
all reasonable probability,  he would have continued to do so, had it not
been for his injuries and death as a result of the Night Vision Goggle
Systems.

30

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 40 of 62

Additionally the Estate of **DAVID SALDANA** also seeks the reasonable and necessary funeral and burial expenses.

By reason of the foregoing, Plaintiff the Estate of **DAVID SALDANA** has been damaged by the Defendant in an amount in excess of the minimum jurisdictional limits of this court. Plaintiffs **The Estate of David Saldana** also seeks punitive damages from all the defendant.

## XXVII.

The Plaintiffs additionally herein allege that the above described acts were also intentional, fraudulent, and committed with malice by the Defendant **ITT and Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation.**

## XXVIII.

Defendants act or omission which caused substantial injury/or death to the Plaintiffs when viewed objectively from the standpoint of the Defendant at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the Defendant had actual, awareness of the risk involved, but nevertheless proceeded with conscious Indifference to the rights, safety or welfare of Plaintiffs.

31

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 41 of 62

## XXIX.

Plaintiffs seek pre-judgment interest on any money damages awarded to them, either in general damages or special damages plead herein, including, but not limited to, general damages, punitive damages, and reasonable attorney's fees.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein; that upon trial of this cause, the Plaintiffs have and recover of from the Defendant, judgment to compensate them for the injuries they suffered as a result of the "negligence", "negligence per se, gross negligence, strict liability and/or malice of the Defendants. Plaintiffs seek compensatory damages and punitive damages as provided by the laws of the State of Texas for the above described breaches in providing a defective Night Vision Goggle Systems and CH53-E helicopter and its component systems and, if appropriate, attorney's fees, as well as, prejudgment interest and post judgment interest thereon at the legal rate. Plaintiffs seek damages against the Defendant for costs of Court expended, and for such other and further relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled.

32

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 42 of 62

Respectfully submitted on this ___12___ day of September, 2000.

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas   78520

RAY R. MARCHAN
State Bar No. 12969050

33

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 43 of 62

for Personal Service - NON-RESIDENT NOTICE     Lit. Seq. # 5.002.01

No. 2000-09-003752-E

**COPY**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If ou or your attorney do not file a written answer with the clerk who issued this itation by 10:00 a.m. on the Monday next following the expiration of twenty ays after you were served this citation and petition, a default judgment may be aken against you.

**RECEIVED**

**NOV 0 1 2000**

O: ITT INDUSTRIES
33 CENTERVILLE RD.
LANCASTER, PENNSYLVANIA 17603

**D.S. KELLY**

he       DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

LAINTIFF'S ORIGINAL PETITION

t or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 ays after the date of service of this citation before the Honorable District ourt 357th Judicial District of Cameron County, Texas at the Courthouse of said ounty in Brownsville, Texas. Said ___PETITION___ was filed on EPTEMBER 12, 2000. A copy of same accompanies this citation.

he file number of said suit being No. 2000-09-003752-E.

he style of the case is:

KRISTA SALDANA, IND., ET AL

R E T U R N   O F   O F F I C E R

Came to hand the 19TH day of October 2000, at 6:06 o'clock P.M., and executed (not executed) on the ____ day of October 2000 by delivering to ITT Industries ____ in person a true copy of this Citation upon which I endorsed the date of delivery, together with the accompanying copy of the Plaintiffs Original Petition

ause of failure to execute this service

## CAUSE NO. 2000-09-003752-E

| | | |
|---|---|---|
| KRISTA SALDANA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF | § | |
| THE ESTATE OF DAVID SALDANA | § | |
| AND AS NEXT FRIEND OF JAGGER | § | |
| SALDANA | § | |
| | § | |
| VS. | § | |
| | § | 357TH JUDICIAL DISTRICT |
| ITT INDUSTRIES, SIKORSKY | § | |
| AIRCRAFT CORPORATION, A | § | |
| SUBSIDIARY OF UNITED | § | |
| TECHNOLOGIES CORPORATION, | § | |
| THE ESTATE OF LT. COL. MARC | § | |
| LEE HOHLE AND THE ESTATE OF | § | |
| CAPTAIN MATTHEW BRENT THOMAS | § | CAMERON COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT ITT INDUSTRIES, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ITT INDUSTRIES, INC., (incorrectly sued as "ITT Industries"), one of the Defendants in the above entitled and numbered cause, and files this Original Answer.  For such Answer, Defendant would respectfully show unto the Court as follows:

I.

Defendant generally denies the matters plead by the Plaintiffs, as provided by Rule 92 of the Texas Rules of Civil Procedure, and asks that these matters be properly decided by this Honorable Court and Jury.

EXHIBIT "C"

## II.

Defendant would further show that under appropriate choice of law rules, the law of the State of Virginia will apply to any and all causes of action plead against Defendant arising out of, or in connection with, the design, manufacture and/or marketing of night vision equipment used by the U.S. Military. For that reason, the Texas Deceptive Trade Practices Act, cited in paragraph X of Plaintiffs' Original Petition, the Texas Wrongful Death Statute and Survival Statute, as cited in paragraph XI of Plaintiffs' Original Petition, and Texas common law relating to negligence, gross negligence, strict product liability and breach of warranty have no application in this case.

## III.

Defendant would further show, in the alternative if necessary, that Plaintiffs lack standing to sue Defendant under the Texas Deceptive Trade Practices Act because they are not consumers as defined in said act.

## IV.

Defendant would further show that all of Plaintiffs' claims and causes of action against Defendant are barred by the Government Contractors Defense as formulated in Boyle v. United Technologies Corp., 487 U.S. 500, 108 S. Ct. 2510 (1988) and its progeny. Defendant is immunized from civil liability in this case because

-2-

Plaintiffs' claims arise out of the performance of federal procurement contracts for night vision equipment and:

1. The government approved reasonably precise specifications for said equipment;

2. The equipment conformed to those specifications; and

3. Defendant warned the government about the dangers in the use of the equipment that were known to the Defendant but not to the government.

V.

Defendant would further show Defendant is entitled to a Government Contractor Credit for the comparative responsibility of the government's actions, if any, which contributed to proximately cause the death of Corporal Saldana and the damages, if any, of Plaintiffs related thereto.

VI.

Defendant specifically denies that it is liable in any way to Plaintiffs, but would show, in the alternative if necessary, that Defendant is entitled to the protections of Virginia Code Annotated §8.01-38.1 which establishes a $350,000.00 cap on punitive damages.

VII.

Defendant would also show that Corporal Saldana, Plaintiffs' decedent, was guilty of contributory negligence and/or assumed the

-3-

risk under the circumstances of this case and Plaintiffs' claims are, therefore, barred by applicable Virginia law.

WHEREFORE, PREMISES CONSIDERED, Defendant, ITT INDUSTRIES, INC., prays for judgment in its favor, for costs of suit, and for such other and further relief as deemed appropriate by the Court.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas  78216-5057
Telephone:  (210) 349-0511
Telecopier: (210) 349-2760

By: _____
RON A. SPRAGUE
State Bar No. 18962100

ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been mailed certified mail, return receipt requested, to Mr. Ray R. Marchan, Harris & Watts, P.C., 1926 E. Elizabeth, Brownsville, Texas  78520, on this ___9th___ day of November, 2000.

_____
RON A. SPRAGUE

r:\ras\saldana\answer

-4-

## CAUSE NO. 2000-09-003752-E

| | | |
|---|---|---|
| KRISTA SALDANA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF | § | |
| THE ESTATE OF DAVID SALDANA | § | |
| AND AS NEXT FRIEND OF JAGGER | § | |
| SALDANA | § | |
| | § | |
| VS. | § | |
| | § | 357TH JUDICIAL DISTRICT |
| ITT INDUSTRIES, SIKORSKY | § | |
| AIRCRAFT CORPORATION, A | § | |
| SUBSIDIARY OF UNITED | § | |
| TECHNOLOGIES CORPORATION, | § | |
| THE ESTATE OF LT. COL. MARC | § | |
| LEE HOHLE AND THE ESTATE OF | § | |
| CAPTAIN MATTHEW BRENT THOMAS | § | CAMERON COUNTY, TEXAS |

### JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes ITT INDUSTRIES, INC., Defendant herein, and requests that the above cause of action be tried before a jury. The jury filing fee is enclosed.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas  78216-5057
Telephone:  (210) 349-0511
Telecopier: (210) 349-2760

By: _____
     RON A. SPRAGUE
     State Bar No. 18962100

ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.

EXHIBIT "D"

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been mailed certified mail, return receipt requested, to Mr. Ray R. Marchan, Harris & Watts, P.C., 1926 E. Elizabeth, Brownsville, Texas   78520, on this ___9th___ day of November, 2000.

RON A. SPRAGUE

r:\ras\saldana\jury.dem

-2-

Case 1:00-cv-00176  Document 1  Filed in TXSD on 11/14/2000  Page 50 of 62

CAUSE NO. 2000-09-3752-E

| | | |
|---|---|---|
| KRISTA SALDANA, Individually and | § | IN THE DISTRICT COURT |
| as Representative of the ESTATE OF | § | |
| DAVID SALDANA and as Next Friend | § | |
| of JAGGER SALDANA | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | 357th JUDICIAL DISTRICT |
| | § | |
| ITT INDUSTRIES, SIKORSKY | § | |
| AIRCRAFT CORPORATION, a Subsidiary | §— — | |
| of UNITED TECHNOLOGIES | § | |
| CORPORATION, the ESTATE OF LT. COL. | § | |
| MARC LEE HOHLE and the ESTATE OF | § | |
| CAPTAIN MATTHEW BRENT THOMAS | § | |
| | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## SPECIAL APPEARANCE OF DEFENDANT SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF UNITED TECHNOLOGIES CORPORATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sikorsky Aircraft Corporation, sued herein as "Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation," ("Sikorsky") one of the Defendants in the above-styled and numbered cause, and makes this Special Appearance under Rule 120a of the Texas Rules of Civil Procedure for the purpose of objecting to the jurisdiction of the Court over the person of Defendant in this matter, and in support thereof would respectfully show the Court the following:

I.

This Special Appearance is made as to this entire proceeding and as to all claims asserted against Sikorsky in the Plaintiffs' Original Petition herein.

## II.

This Special Appearance is filed prior to the filing of any Motion to Transfer or any other plea, pleading, or motion.

## III.

This is a lawsuit arising out of an accident involving a military helicopter that crashed at sea near Okinawa, Japan on or about April 19, 1999. Plaintiffs alleged that the deceased, David Saldana, was a crew member on the helicopter that crashed. Plaintiffs further allege that the pilots of the helicopter were using an ITT Night Vision Goggle System, which, Plaintiffs allege, failed to provide clear vision to the pilot operating the helicopter, which resulted in the crash.

## IV.

This Court does not have *in personam* jurisdiction over the Defendant Sikorsky because it is not amenable to process issued by a Texas court. In support of this contention, Sikorsky would show the following:

(1)   Sikorsky is a corporation incorporated under the laws of Delaware with its principal place of business in Stratford, Connecticut.  Sikorsky is in the business of manufacturing helicopters.

(2)   Sikorsky does not have any facility located in the State of Texas for the design, manufacture or production of helicopters.

(3)   Sikorsky does not own any real property in the State of Texas nor does it have any bank accounts in the State of Texas.

(4)   Sikorsky does not maintain any offices in the State of Texas.

(5)   Sikorsky does not have any systematic and/or continuous business contacts within the State of Texas from which Plaintiffs cause of action arose.

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 52 of 62

(6)   Sikorsky does not maintain any employees, servants or agents in the State of Texas.

(7)   Sikorsky does not maintain any telephone listings in the State of Texas nor advertise

its products in any local media in the State of Texas.

(8)   The Plaintiffs' cause of action alleged herein does not arise out of any contact or

activity of Sikorsky within the State of Texas.

## V.

The assumption of jurisdiction by this Court over Sikorsky would offend traditional notions of fair play and substantial justice, depriving Sikorsky of due processes guaranteed by the Constitution of the United States of America.

WHEREFORE, Defendant Sikorsky requests that this Special Appearance be set for hearing, and after full consideration, the Special Appearance be granted, and that the claims against Sikorsky, be dismissed for lack of *in personam* jurisdiction.

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 53 of 62

Respectfully submitted,

JACKSON  WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 - Telecopier

By: _____

Robert F. Ruckman
State Bar No. 17367000
Katherine A. Staton
State Bar No. 02815650

James L. Walker
State Bar No. 20708500
JACKSON  WALKER L.L.P.
112 E. Pecan, Suite 2100
San Antonio, Texas  78205-3738
(210) 978-7700
(210) 978-7790 - Fax

ATTORNEYS FOR DEFENDANT
SIKORSKY AIRCRAFT CORPORATION,
A SUBSIDIARY OF UNITED
TECHNOLOGIES CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on the $\underline{13^{th}}$ day of $\underline{\text{November}}$, 2000, a true and correct copy of *Special Appearance of Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation* was served on all counsel of record:

**VIA FACSMILE**
Ray R. Marchan
HARRIS & WATTS, P.C.
1928 E. Elizabeth
Brownsville, Texas 78520
**ATTORNEY FOR PLAINTIFFS**

and

**VIA FACSIMILE**
Ron A. Sprague
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, TX 78216-5057
**ATTORNEY FOR ITT INDUSTRIES, INC.**

Robert F. Ruckman

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 55 of 62

## VERIFICATION

STATE OF CONNECTICUT          )
                             )
COUNTY OF _FAIRFIELD_         )

BEFORE ME, the undersigned authority, on this day personally appeared _WILLIAM R._

_BOWLES_ , who, being by me duly sworn on oath deposed and said that he is the

_ASSOCIATE GENERAL COUNSEL_ of Sikorsky Aircraft Corporation, that he has read the

above Special Appearance of Sikorsky Aircraft Corporation, and that every statement contained in

the Special Appearance is within his personal knowledge and is true and correct.

Sikorsky Aircraft Corporation

By _____

Printed Name: _WILLIAM R. BOWLES_

Title: _ASSOCIATE GENERAL COUNSEL_

SUBSCRIBED AND SWORN TO BEFORE ME, on the _10TH_ day of _November_ 2000,

to certify which witness my hand and official seal.

_____
NOTARY PUBLIC

My Commission Expires:

_1/31/01_

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 56 of 62

CAUSE NO. 2000-09-3752-E

| | | |
|---|---|---|
| KRISTA SALDANA, Individually and as Representative of the ESTATE OF DAVID SALDANA and as Next Friend of JAGGER SALDANA | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | |
| v. | § § | 357th JUDICIAL DISTRICT |
| ITT INDUSTRIES, SIKORSKY AIRCRAFT CORPORATION, a Subsidiary of UNITED TECHNOLOGIES CORPORATION, the ESTATE OF LT. COL. MARC LEE HOHLE and the ESTATE OF CAPTAIN MATTHEW BRENT THOMAS | § § § § § § § | |
| Defendants | § § | CAMERON COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF UNITED TECHNOLOGIES CORPORATION SUBJECT TO ITS SPECIAL APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Sikorsky Aircraft Corporation, sued herein as "Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation," ("Sikorsky") one of the Defendants in the captioned cause, and, subject to its Special Appearance, files its Original Answer to Plaintiff's Original Petition, and would show the Court the following:

ORIGINAL ANSWER OF DEFENDANT SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF
UNITED TECHNOLOGIES CORPORATION SUBJECT TO ITS SPECIAL APPEARANCE                    Page 1
2556264.1

EXHIBIT "F"

CUtePDF - www.twiss.com

I.
## GENERAL DENIAL

Defendant Sikorsky denies each and every, all and singular, of the allegations contained in Plaintiff's Original Petition as the same are not true in whole or in part, and Sikorsky demands that Plaintiff be required to prove its allegations by a preponderance of evidence as required by the law.

WHEREFORE, PREMISES CONSIDERED, Defendant Sikorsky Aircraft Corporation respectfully prays that upon final hearing, Plaintiff takes nothing against Sikorsky Aircraft Corporation, and Sikorsky Aircraft Corporation be allowed to go hence without delay to recover its costs, and for all such other and further relief, both general and special at law or in equity, to which Sikorsky Aircraft Corporation may show itself justly entitled.

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 58 of 62

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 - Telecopier

By: _____
Robert F. Ruckman
State Bar No. 17367000
Katherine A. Staton
State Bar No. 02815650

James L. Walker
State Bar No. 20708500
JACKSON WALKER L.L.P.
112 E. Pecan, Suite 2100
San Antonio, Texas 78205-3738
(210) 978-7700
(210) 978-7790 - Fax

ATTORNEYS FOR DEFENDANT
SIKORSKY AIRCRAFT CORPORATION,
A SUBSIDIARY OF UNITED
TECHNOLOGIES CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2000, a true and correct copy of *Original Answer of Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation Subject to its Special Appearance* was served on all counsel of record:

***VIA FACSIMILE***
Ray R. Marchan
HARRIS & WATTS, P.C.
1928 E. Elizabeth
Brownsville, Texas 78520
**ATTORNEY FOR PLAINTIFFS**

and

***VIA FACSIMILE***
Ron A. Sprague
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, TX 78216-5057
**ATTORNEY FOR ITT INDUSTRIES, INC.**

Robert F. Ruckman

ClibPDF - www.fastio.com

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 60 of 62

CAUSE NO. 2000-09-3752-E

| | | |
|---|---|---|
| KRISTA SALDANA, Individually and | § | IN THE DISTRICT COURT |
| as Representative of the ESTATE OF | § | |
| DAVID SALDANA and as Next Friend | § | |
| of JAGGER SALDANA | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | 357th JUDICIAL DISTRICT |
| | § | |
| ITT INDUSTRIES, SIKORSKY | § | |
| AIRCRAFT CORPORATION, a Subsidiary | § | |
| of UNITED TECHNOLOGIES | § | |
| CORPORATION, the ESTATE OF LT. COL. | § | |
| MARC LEE HOHLE and the ESTATE OF | § | |
| CAPTAIN MATTHEW BRENT THOMAS | § | |
| | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF UNITED TECHNOLOGIES CORPORATION'S JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sikorsky Aircraft Corporation, a subsidiary of United Technologies Corporation, Defendant in the above-styled and numbered cause and files this its Jury Demand and would respectfully show the Court as follows:

I.

Defendant, Sikorsky Aircraft Corporation, a subsidiary of United Technologies Corporation hereby demands a trial by jury as to all factual issues herein.

SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF UNITED TECHNOLOGIES
CORPORATION'S JURY DEMAND                                                    Page 1

EXHIBIT "G"

Case 1:00-cv-00176  Document 1  Filed in TXSD on 11/14/2000  Page 61 of 62

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 - Telecopier

By: _____
Robert F. Ruckman
State Bar No. 17367000
Katherine A. Staton
State Bar No. 02815650

James L. Walker
State Bar No. 20708500
JACKSON WALKER L.L.P.
112 E. Pecan, Suite 2100
San Antonio, Texas 78205-3738
(210) 978-7700
(210) 978-7790 - Fax

ATTORNEYS FOR DEFENDANT
SIKORSKY AIRCRAFT CORPORATION,
A  SUBSIDIARY  OF  UNITED
TECHNOLOGIES CORPORATION

Case 1:00-cv-00176   Document 1   Filed in TXSD on 11/14/2000   Page 62 of 62

## CERTIFICATE OF SERVICE

I hereby certify that on the 13ᵗʰ day of _November_, 2000, a true and correct copy of *Sikorsky Aircraft Corporation, a subsidiary of United Technologies Corporation's Jury Demand* was served on all counsel of record:

**VIA FACSIMILE**
Ray R. Marchan
HARRIS & WATTS, P.C.
1928 E. Elizabeth
Brownsville, Texas 78520
ATTORNEY FOR PLAINTIFFS

and

**VIA FACSIMILE**
Ron A. Sprague
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, TX 78216-5057
ATTORNEY FOR ITT INDUSTRIES, INC.

Robert F. Ruckman

SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF UNITED TECHNOLOGIES
CORPORATION'S JURY DEMAND                                                 Page 3