9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 2 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| KRISTA SALDANA, INDIVIDUALLY § <br> AND AS REPRESENTATIVE OF § <br> THE ESTATE OF DAVID SALDANA § <br> AND AS NEXT FRIEND OF JAGGER § <br> SALDANA § <br> § <br> Plaintiffs § <br> § <br> VS. § <br> § <br> ITT INDUSTRIES, INC., SIKORSKY § <br> AIRCRAFT CORPORATION, A § <br> SUBSIDIARY OF UNITED § <br> TECHNOLOGIES CORPORATION, § <br> THE ESTATE OF LT. COL. MARC § <br> LEE HOHLE AND THE ESTATE OF § <br> CAPTAIN MATTHEW BRENT THOMAS § <br> § <br> Defendants § | Civil Action No.: B-00-176 |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

ITT INDUSTRIES, INC., Defendant in the above entitled and numbered cause, files this its Response to Plaintiffs' Motion to Remand and in support thereof respectfully shows the Court the following:

**I. BACKGROUND**

1. On September 12, 2000, an action was commenced in the 357th Judicial District Court of the State of Texas in and for Cameron County, Texas, entitled <u>Krista Saldana, Individually and as Representative of the Estate of David Saldana and as Next Friend of Jagger Saldana, Plaintiffs, v. ITT Industries, Sikorsky Aircraft</u>

<u>Corporation, a Subsidiary of United Technologies Corporation, The Estate of Lt. Col. Marc Lee Hohle and The Estate of Captain Matthew Brent Thomas, Defendants</u>, as Case Number 2000-09-003752-E.

2. On or about November 13, 2000 Defendants filed their Notice of Removal of Action under 28 U.S.C. §1441(b) under both diversity and subject matter jurisdiction.

3. On or about December 11, 2000 Plaintiffs filed their Motion to Remand alleging that this Court does not have diversity or subject matter jurisdiction.

4. Defendant would respectfully show this Court that Plaintiffs' Motion to Remand is without legal or factual merit and, therefore, should, in all things, be denied.

## II. ARGUMENTS AND AUTHORITIES

### A. DIVERSITY JURISDICTION

5. Plaintiffs first argue that diversity jurisdiction does not exist because the Estate of Lt. Col. Marc Lee Hohle is a citizen of the State of Texas, and, thus, a non-diverse party. This argument fails for several reasons.

6. First, Plaintiffs have not served the Estate of Lt. Col. Marc Lee Hohle. Plaintiffs executed service of Richard A. Hohle, the decedent's father.[1] Mr. Hohle is not the representative of the

---

[1] Attached as Exhibit "A" is a true and correct copy of the affidavit of Richard A. Hohle which is fully incorporated by reference.

Estate of Lt. Col. Hohle. Therefore, proper service has not been executed on the Estate.[2]

7. Second, Lt. Col. Hohle was not a Texas citizen. Case law clearly establishes that the representative of a decedent's estate is a citizen of the same state as decedent for diversity purposes.[3]

8. Lt. Col. Hohle was on active duty with the U.S. Marine Corps. He was on temporary duty in Okinawa, Japan at which time the accident made the basis of this suit occurred. Lt. Col. Hohle was born in Texas but did not live in Texas after his family moved to Louisiana when he was a child. Lt. Col. Hohle was raised, educated and entered the military in Louisiana. He was stationed at various Marine Corps. installations during his career including bases in Florida, California and Virginia, but not Texas. Lt. Col. Hohle paid state taxes in Louisiana throughout his entire military career.[4]

---

[2] Additionally, should Plaintiffs ever serve the Estate of Lt. Col. Hohle the United States will intervene, move to substitute in and remove the case to federal court. Essentially, Plaintiffs do not make any viable argument, nor does any viable argument exist, to remand this case to state court.

[3] *Jones v. Petty-Ray Geophysical et al.*, 954 F.2d 1061, 1064 (5th Cir. 1992); see also 28 U.S.C. § 1332 (c)(2) (stating that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent" for purposes of diversity of citizenship and removal).

[4] Attached as Exhibit "B" is the affidavit of Doris Hohle, Lt. Col. Marc Lee Hohle's widow which is fully incorporated by reference. The Court will note that the Affidavit is unsigned. Due to time constraints, this Response was filed before the signed Affidavit was received from Mrs. Hohle, a resident of Virginia. A full

-3-

9. Furthermore, even if the Estate of Lt. Col. Hohle was Texas citizen, it is a sham Defendant as Plaintiffs do not have viable claim against it. Any alleged claims by Plaintiff, himself a Marine, against his fellow service members are barred under the *Feres* doctrine. Therefore, the Estate of Lt. Col. Hohle must disregarded for diversity purposes.[5] Specifically, as is clear from Plaintiffs' Original Petition, Lt. Col. Hohle and Capt. Matthew Brent Thomas were pilots of the helicopter, acting within the course and scope of their duties as United States Marine officers. Corporal Saldana was on the helicopter in his capacity as a crewman also acting within the course and scope of his duties as a United States Marine. Thus, the claims of Plaintiffs against the pilot's estate are clearly barred by the *Feres* doctrine.

### B. JURISDICTION UNDER 28 U.S.C. § 1442(a)(1)

10. The Government Contractor Defense makes this case removable under 28 U.S.C. § 1442(a)(1). Defendant was acting under federal officers in designing, manufacturing and supplying night vision equipment to the United States Military.[6]

---

executed Affidavit will be filed with the Court and provided to all counsel as soon as it is received.

[5] *Feres v. United States et al.*, 340 U.S. 135 (U.S. 1950); see also *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir.), cert denied, 111 S.Ct. 60 (1990).

[6] *Winters v. Diamond Shamrock Chemical Co. et al.*, 149 F.3d 387, (5th Cir. 1998)

11. Plaintiffs allege that this statute does not authorize removal because Defendant cannot establish that it is a federal officer or agency as required by the statute. Plaintiffs have misconstrued the jurisdiction statute and ignored the case law in this area. 28 U.S.C. § 1442 (a)(1) clearly states that "the United States or any agency thereof or any officer **(or any person acting under that officer)**..."[7] Defendant was acting under federal officers when it manufactured and sold night vision equipment to the U.S. military and is thus afforded access to the federal courts.

12. In the most recent Fifth Circuit case on point, *Winters v. Diamond Shamrock Chemical Co.*, the Court enumerated the three prong test which is used to determine whether § 1442 removal is appropriate.[8] First, a defendant seeking removal under §1442 must demonstrate that they are "persons" within the meaning of the statute. Second, the defendant must demonstrate that a causal nexus exists between the defendant's actions, taken pursuant to a federal officer's directions and under color of federal office, and

---

[7] 28 U.S.C. § 1442(a)(1) (emphasis added)

[8] *Winters v. Diamond Shamrock Chemical Co. et al.*, 149 F.3d 387, 400 (5th Cir. 1998)

-5-

the plaintiff's claims. Third, the defendant must assert a "colorable federal defense."[9]

13. Defendant satisfies all three requirements listed above for removal under § 1442. It is now beyond question, and the Fifth Circuit has previously held, that corporate entities qualify as "persons" under § 1442(a)(1).[10] Therefore, the first prong of the test is satisfied.

14. With regard to the second prong, as previously noted, Defendant was acting under the direction of federal officers in designing, manufacturing and supplying night vision equipment to the U.S. Military. The Fifth Circuit has held that the statute's "color of federal office" requirement is neither "limited" nor "narrow", but should be afforded a broad reading so as not to frustrate the statute's underlying rationale.[11] The Court explained that the question to determine for the second prong analysis is whether the government specified the composition of the material or product at issue so as to supply the causal nexus between the federal officer's directions and the Plaintiff's claims.[12] Clearly, in the case at bar the causal nexus exists as the specifications

---

[9] Id. at 400.

[10] Id. at 398 (citing *International Primate Protection League*, No. 93-3067, at 2 (5th Cir. May 4, 1994)(unpublished opinion).

[11] *Winters*, 149 F.3d 398.

[12] Id.

and design directives were being handed down and/or reviewed and approved by the federal officers under which Defendant was working.

15. Finally, a colorable federal defense is present. The Government Contractor Defense affords Defendant a defense in this case.[13] The U.S. Supreme Court set out the test for immunity under the Government Contractor Defense in *Boyle v. United Techs. Corp.*[14] The Court wrote that "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."[15]

16. Defendant has alleged that it meets the requirements established in *Boyle*. Specifically, Defendant will show that it manufactured and supplied night vision equipment to the U.S. Military in accordance with military procurement contracts which required adherence to government approved design specifications. Defendant was acting under federal officers at all times in the

---

[13] It is important to note that *Winters v. Diamond Shamrock, supra,* clearly establishes that Defendant's need not prove the asserted defense but need only articulate its "colorable" applicability to the Plaintiff's claims.

[14] 487 U.S. 500, 512 (1988).

[15] Id.

design and manufacture of the equipment in question. The equipment provided to the military conformed to the specifications approved by the government. Defendant's assertion of the Government Contractor Defense is certainly "colorable" for § 1442 removal purposes in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs' Motion for Remand be denied, and for such other and further relief, both in law or equity to which it may show itself justly entitled to receive.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707
Telephone: (210) 349-0511
Facsimile: (210) 349-2760

By: _____
RON A. SPRAGUE
State Bar No. 18962100
Federal I.D. No. 151

ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading was mailed, certified mail, return receipt requested, to Mr. Ray Marchan, Harris & Watts, P.C., 1926 E.

-8-

-9-

Elizabeth, Brownsville, Texas 78520, and by regular mail to Mr. Robert F. Ruckman, Jackson Walker, L.L.P., 901 Main Street, Suite 6000, Dallas, Texas 75202, on this 20th day of December, 2000.

_____
RON A. SPRAGUE

r:\ras\saldana\remand.res

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| KRISTA SALDANA, INDIVIDUALLY § <br> AND AS REPRESENTATIVE OF § <br> THE ESTATE OF DAVID SALDANA § <br> AND AS NEXT FRIEND OF JAGGER § <br> SALDANA § <br> § <br> Plaintiffs § <br> § <br> VS. § <br> § <br> ITT INDUSTRIES, INC., SIKORSKY § <br> AIRCRAFT CORPORATION, A § <br> SUBSIDIARY OF UNITED § <br> TECHNOLOGIES CORPORATION, § <br> THE ESTATE OF LT. COL. MARC § <br> LEE HOHLE AND THE ESTATE OF § <br> CAPTAIN MATTHEW BRENT THOMAS § <br> § <br> Defendants § | Civil Action No.: B-00-176 |

## AFFIDAVIT OF RICHARD A. HOHLE

THE STATE OF TEXAS   §

COUNTY OF TRAVIS    §

BEFORE ME, the undersigned authority, on this day personally appeared RICHARD A. HOHLE, known to me to be the person whose name is subscribed to the foregoing instrument who, after duly sworn and deposed, says:

"I am RICHARD A. HOHLE. I reside at 2603 Eastside Drive, Austin, Texas. I am over the age of twenty-one (21) and fully competent to make this Affidavit. The following matters are true and in my personal knowledge.

EXHIBIT "A"

On November 21, 2000, I was served with suit papers in a case styled <u>Krista Saldana, et al vs ITT Industries, Inc., et al</u>, Cause No 2000-09-3752-E, filed in the 357th District Court, Cameron County, Brownsville, Texas. That suit included the Estate of Lt. Col. Marc Lee Hohle as a Defendant and alleged in paragraph III (5) that the Estate of Lt. Col. Marc Lee Hohle could be served by serving me.

I am the father of Lt. Col. Marc Lee Hohle. I am not the Executor or any kind of representative of my son's Estate. The Estate was not established or probated in Texas. The Executor of the Estate of Marc Lee Hohle is his widow, Doris Hohle, a resident of the state of Virginia."

Further, Affiant sayeth not."

_____
RICHARD A. HOHLE, Affiant

SWORN and SUBSCRIBED to before me by RICHARD A. HOHLE on this the 12 day of December, 2000.

LYNDA R. BRIONES
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 10-02-01

_____
Notary Public in and for Texas
My commission expires: 10-02-01

r:\ras\saldana\hohle-r.aff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| KRISTA SALDANA, INDIVIDUALLY §<br>AND AS REPRESENTATIVE OF §<br>THE ESTATE OF DAVID SALDANA §<br>AND AS NEXT FRIEND OF JAGGER §<br>SALDANA §<br>§<br>Plaintiffs §<br>§<br>VS. §<br>§<br>ITT INDUSTRIES, INC., SIKORSKY §<br>AIRCRAFT CORPORATION, A §<br>SUBSIDIARY OF UNITED §<br>TECHNOLOGIES CORPORATION, §<br>THE ESTATE OF LT. COL. MARC §<br>LEE HOHLE AND THE ESTATE OF §<br>CAPTAIN MATTHEW BRENT THOMAS §<br>§<br>Defendants § | Civil Action No.: B-00-176 |

**AFFIDAVIT OF DORIS HOHLE**

THE STATE OF VIRGINIA        §

COUNTY OF _____        §

BEFORE ME, the undersigned authority, on this day personally appeared DORIS HOHLE, known to me to be the person whose name is subscribed to the foregoing instrument who, after duly sworn and deposed, says:

"I am DORIS HOHLE. I am over the age of twenty-one (21) and fully competent to make this Affidavit. The following matters are true and in my personal knowledge.

I am the widow of Lt. Col. MARC LEE HOHLE and the Executrix of his Estate. My husband was born in Texas,

EXHIBIT "B"

but moved with his family to Louisiana as a child and never again lived in Texas. He was raised and educated in Louisiana. He entered the United States Marine Corp from the State of Louisiana and paid Louisiana state taxes throughout his military career.

During his military career, my husband was stationed in Florida, Virginia and California. He was living in Virginia with me and our two children until late 1998 when he received transfer orders to Mirimar NAS, San Diego, California. We were also advised that my husband would be temporarily deployed to the 1st Marine Air Wing in Okinawa, Japan shortly after his scheduled arrival at Mirimar NAS. We decided that I would remain in Virginia with the children until my husband returned from Okinawa. He was killed when his helicopter went down on a training mission off the coast of Okinawa on April 19, 1999.

Lt. Col. MARC LEE HOHLE was not a citizen of Texas when he died. His Estate was not established or probated in Texas. Mr. Richard A. Hohle is Lt. Col. MARC LEE HOHLE's father, but he is not an Executor, representative or agent of the Estate of Lt. Col. MARC LEE HOHLE.

Further, Affiant sayeth not."

_____
DORIS HOHLE, Affiant


SWORN and SUBSCRIBED to before me by DORIS HOHLE on this th
_____ day of December, 2000.


_____
Notary Public in and for Virginia
My commission expires:_____


r:\ras\saldana\hohle-d.aff

-3-