IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| KRISTA SALDANA, INDIVIDUALLY § <br> AND AS REPRESENTATIVE OF § <br> THE ESTATE OF DAVID SALDANA § <br> AND AS NEXT FRIEND OF JAGGER § <br> SALDANA § <br>  § <br> Plaintiffs § <br>  § <br> VS. § <br>  § <br> ITT INDUSTRIES, INC., SIKORSKY § <br> AIRCRAFT CORPORATION, A § <br> SUBSIDIARY OF UNITED § <br> TECHNOLOGIES CORPORATION, § <br> THE ESTATE OF LT. COL. MARC § <br> LEE HOHLE AND THE ESTATE OF § <br> CAPTAIN MATTHEW BRENT THOMAS § <br>  § <br> Defendants § | Civil Action No.: B-00-176 |

## DEFENDANT ITT INDUSTRIES, INC.'S ANSWER TO PLEA IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

ITT INDUSTRIES, INC., Defendant in the above entitled and numbered cause, files this Answer to the Plea in Intervention and in support thereof respectfully shows the Court the following:

1. Defendant has insufficient knowledge to admit or deny the identity, place of residence, relationship or status of MELQUIADES SALDANA.

2. Defendant has insufficient knowledge to admit or deny the identity, place of residence, relationship or status of AURELIA SALDANA.

3. Defendant admits that Plaintiffs herein filed this suit.

4. Defendant admits it is a corporation authorized to do business in Texas but denies the remaining allegations of paragraph I(4) of the Plea in Intervention.

5. Defendant admits SIKORSKY AIRCRAFT CORPORATION is a corporation authorized to do business in Texas but denies the remaining allegations of paragraph I(5) of the Plea in Intervention.

6. Defendant denies that LT. COL. MARC LEE HOHLE was a citizen of the State of Texas and the remaining allegations of paragraph I(6) of the Plea in Intervention.

7. Defendant denies the allegations of paragraph I(7) of the Plea in Intervention.

8. In answer to the allegations of paragraph II of the Plea in Intervention, Defendant admits that on September 12, 2000, an action was commenced in the 357th Judicial District Court of the State of Texas in and for Cameron County, Texas, entitled <u>Krista Saldana, Individually and as Representative of the Estate of David Saldana and as Next Friend of Jagger Saldana, Plaintiffs, v. ITT Industries, Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation, The Estate of Lt. Col. Marc Lee Hohle and The Estate of Captain Matthew Brent Thomas, Defendants</u>, as Case Number 2000-09-003752-E.

9.  To the extent that they are factual allegations, Defendant denies the allegations of paragraph III of the Plea in Intervention.

10.  Defendant denies the allegations of paragraph IV of the Plea in Intervention.

11.  Defendant denies that Intervenors are entitled to any damages, punitive damages, interest or attorney's fees as alleged in paragraph V of the Plea in Intervention.

12.  To the extent that they are factual allegations, Defendant denies the allegations of the final paragraph of the Plea in Intervention, commonly referred to as the prayer, and further denies that Intervenors are entitled to any relief from Defendant as alleged.

13.  Defendant would further show that under appropriate choice of law rules, the law of the State of Virginia will apply to any and all causes of action plead against Defendant arising out of, or in connection with, the design, manufacture and/or marketing of night vision equipment used by the U.S. Military.  For that reason, the Texas Deceptive Trade Practices Act, cited in paragraph X of Plaintiffs' Original Petition, the Texas Wrongful Death Statute and Survival Statute, as cited in paragraph XI of

Plaintiffs' Original Petition, and Texas common law relating to negligence, gross negligence, strict product liability and breach of warranty have no application in this case.

14. Defendant would further show, in the alternative if necessary, that Intervenors lack standing to sue Defendant under the Texas Deceptive Trade Practices Act because they are not consumers as defined in said Act.

15. Defendant would further show that all of Intervenors' claims and causes of action against Defendant are barred by the Government Contractor Defense as formulated in <u>Boyle v. United Technologies Corp.</u>, 487 U.S. 500, 108 S. Ct. 2510 (1988) and its progeny. Defendant is immunized from civil liability in this case because Plaintiffs' claims arise out of the performance of federal procurement contracts for night vision equipment and:

    1. The government approved reasonably precise specifications for said equipment;

    2. The equipment conformed to those specifications; and

    3. Defendant warned the government about the dangers in the use of the equipment that were known to the Defendant but not to the government.

16. Defendant would further show Defendant is entitled to a Government Contractor Credit for the comparative responsibility of the government's actions, if any, which contributed to proximately

cause the death of Corporal SALDANA and the damages, if any, of Intervenors related thereto.

17. Defendant specifically denies that it is liable in any way to Intervenors, but would show, in the alternative if necessary, that Defendant is entitled to the protections of Virginia Code Annotated §8.01-38.1 which establishes a $350,000.00 cap on punitive damages.

18. Defendant would also show that Corporal SALDANA, Plaintiffs' decedent, was guilty of contributory negligence and/or assumed the risk under the circumstances of this case and Intervenors' claims are, therefore, barred by applicable Virginia law.

WHEREFORE, PREMISES CONSIDERED, Defendant, ITT INDUSTRIES, INC., prays for judgment in its favor, for costs of suit, and for such other and further relief as deemed appropriate by the Court.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707
Telephone: (210) 349-0511
Facsimile: (210) 349-2760

By: _____
RON A. SPRAGUE
State Bar No. 18962100
Federal I.D. No. 151

ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.

-5-

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing pleading was mailed, certified mail, return receipt requested, to Mr. Joe Valle, 1120 East Tenth Street, Brownsville, Texas 78520 and by regular mail to Ray Marchan, Harris & Watts, P.C., 1926 E. Elizabeth, Brownsville, Texas 78520, and Mr. Robert F. Ruckman, Jackson Walker, L.L.P., 901 Main Street, Suite 6000, Dallas, Texas 75202, on this 28 day of December, 2000.

                                                             _____
                                                             RON A. SPRAGUE

r:\ras\saldana\ans-intv