**ORIGINAL**

11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 2 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| KRISTA SALDANA, Individually and as Representative of the ESTATE OF DAVID SALDANA and as Next Friend of JAGGER SALDANA<br><br>Plaintiffs<br><br>v.<br><br>ITT INDUSTRIES, SIKORSKY AIRCRAFT CORPORATION, a Subsidiary of UNITED TECHNOLOGIES CORPORATION, the ESTATE OF LT. COL. MARC LEE HOHLE and the ESTATE OF CAPTAIN MATTHEW BRENT THOMAS<br><br>Defendants | §§§§§§§§§§§§§§§§§<br><br>Civil Action No. B-00-176 |

## RESPONSE OF DEFENDANT SIKORSKY AIRCRAFT CORPORATION TO PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Sikorsky Aircraft Corporation, sued herein as "Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation," ("Sikorsky"), one of the Defendants herein, and files this its Response to Plaintiff's Motion to Remand and in support thereof would show the Court the following:

### I.

### BACKGROUND

This wrongful death suit arises out of the crash of a US Marine Corps CH-53-E helicopter which occurred on April 19, 1999 in the ocean near Okinawa, Japan. The military pilots were Lt. Colonel Marc Lee Hohle and Captain Matthew Brent Thomas. The Plaintiff's decedent, David Saldana, was a crew member. The Plaintiff alleges that the pilots, while utilizing night vision

goggles supplied by the Defendant ITT, were transitioning the helicopter from a high light area to one of no light/no horizon when the helicopter crashed into the sea. With regard to the Defendant Sikorsky, the manufacturer of the helicopter, the Plaintiffs allege causes of action in negligence, breach of express and implied warranties and strict liability with regard to the design, manufacture and marketing of the helicopter in question, without alleging any specific defect in the helicopter itself.

On November 13, 2000, ITT filed its Notice of Removal of Action based upon both diversity and federal question jurisdiction. Defendant Sikorsky consented to the removal. On December 11, 2000, Plaintiff filed her Motion to Remand alleging that this Court does not have jurisdiction. Defendant submits, for the reasons shown below, that this Court has both diversity and federal question jurisdiction and that removal was proper.

## II.

## THE PARTIES

The Plaintiff is Krista Saldana, individually and as a representative of the Estate of David Saldana and as next friend of Jagger Saldana. As note above, the decedent, David Saldana, was a crew member of the helicopter in question. Plaintiff alleges that she is a resident of Texas.

The Defendant ITT Industries, Inc. is a corporation incorporated under the laws of the State of Indiana and has its principal place of business in New York (*see* Notice of Removal of Action filed by ITT Industries, Inc. on November 13, 2000 at p. 3).

The Defendant Sikorsky Aircraft Corporation, sued herein as "Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation," is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Stratford, Connecticut.

The remaining Defendants are the Estate of Lt. Colonel Marc Lee Hohle and the Estate of Captain Matthew Brent Thomas. As noted above, Lt. Colonel Marc Lee Hohle and Captain Matthew

Brent Thomas were the pilots who were flying the helicopter in the course of their duties with the U.S. Marine Corps at the time of the accident. Plaintiff alleges that Lt. Colonel Hohle "was a citizen" of Texas and sought to sue the Estate by serving Lt. Colonel Hohle's father, Richard A. Hohle, at his residence in Austin, Texas.

## III.

## GROUNDS FOR REMOVAL

### A.   DIVERSITY JURISDICTION

Plaintiff seeks to remand the case on the basis that the diversity jurisdiction does not exist because the Estate of Lt. Colonel Marc Lee Hohle is a citizen of the State of Texas, and thus a non-diverse party.

First, as noted in the Response of ITT, Lt. Colonel Hohle was not a citizen of Texas. *See* Defendant ITT's Response to Plaintiff's Motion to Remand, at p. 3 and Affidavits of Richard A. Hohle and Doris Hohle, attached thereto. Further, Richard A. Hohle, the father of the decedent who Plaintiff sued as the "Executor of the Estate," is not the executor. Doris Hohle, the widow and a resident of Virginia, is the executor of Lt. Colonel Hohle's estate. *See* Affidavits of Richard A. Hohle and Doris Hohle, attached to Defendant ITT's Response to Plaintiff's Motion to Remand.

Even if Lt. Colonel Hohle was a Texas citizen, Plaintiff, as a matter of law, has no cause of action against him because all claims of Plaintiff are clearly barred by the Feres Doctrine as set forth in *Feres v. United States, et al.*, 340 U.S. 135 (1950). Accordingly, the joinder of the Estate of Lt. Colonel Marc Lee Hohle constitutes a fraudulent joinder since Plaintiff cannot state a cause of action allowing recovery against it. A fraudulent joinder of a non-diverse party will not defeat removal of the case. *Herman v. Millicovsky*, 834 F. Supp. 182, 183 (S.D. Tex. 1992). Removal based upon diversity is proper where no cause of action and no possibility of recovery exists against the fraudulently joined party. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989). The

Court may and should disregard the presence of the fraudulently joined party when determining diversity jurisdiction. *Haines v. National Union Fire Ins. Co.*, 812 F. Supp. 93, 96 (S.D. Tex. 1993).

### B.     REMOVAL UNDER 28 U.S.C. § 1442(1)

Defendant Sikorsky concurs with ITT, as set forth in its Response at p. 4-8, that this case is removable under 28 U.S.C. § 1442(a)(1). Like ITT, Defendant Sikorsky was also acting under an officer of the United States in providing the subject helicopter to the United States military. *See Akin v. Big Three Industries, Inc.*, 851 F. Supp. 819 (E.D. Tex. 1994); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424 (11th Cir. 1996); *Jones v. Three Rivers Elec. Co-op.*, 166 F.R.D. 413, 414 (E.D. Mo. 1996); *Lopez v. Three Rivers Elec. Co-op.*, 166 F.R.D. 411, 412 (E.D. Mo. 1996).

#### 1.     Sikorsky Is a Person Within The Meaning of 11 U.S.C. § 1442(a)(1).

A private corporation such as Sikorsky is a "person" entitled to the benefit of removal under 28 U.S.C. § 1442(a)(1). *See, e.g., Akin*, 851 F. Supp. at 823; *Jones*, 166 F.R.D. at 414; *Lopez*, 166 F.R.D. at 412; *Winters v. Diamond Shamrock Chem. Co.*, 901 F. Supp. 1195, 1198 (E.D. Tex. 1995), *aff'd*, 149 F.3d 387 (5th Cir. 1998).

#### 2.     Sikorsky was "Acting Under" an Officer of the United States.

Sikorsky manufactured the subject helicopter for the United States government in accordance with design specifications set forth and incorporated into the contract documents approved by a contracting officer or other official of the United States government, the United States Department of Defense and/or the United States Navy. These contract documents incorporated detailed military specifications, federal standards, military standards, Department of Defense standards and drawings, other government publications, and certain contractor documents, all of which, taken together, constitute the specifications for the helicopter. Sikorsky will show that it did not deviate from these mandatory government specifications.

Accordingly, Sikorsky was "acting under" an officer or agency of the United States when it designed, manufactured and tested the helicopter involved in this incident. (It should be noted that many of the components of the helicopter are not designed or manufactured by Sikorsky but are designed and manufactured by outside vendors with separate government contracts.) *See Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1326 (E.D. La. 1994); *Akin*, 851 F. Supp. at 823.

Further, a clear nexus exists between Sikorsky's actions at the direction of the government in the design and manufacture of the helicopter in question and Plaintiff's claims that the Defendant Sikorsky designed, manufactured and sold the helicopter which contained design, manufacturing and marketing defects.

### 3. Sikorsky asserts a Colorable Federal Defense.

In support of ITT's removal pursuant to 28 U.S.C. § 1442(a)(1), Sikorsky would show that it has a colorful federal defense. In *Winters v. Diamond Shamrock*, supra. at p. 400-01, the Fifth Circuit stated that the defendants need not prove the asserted federal defense, but need only articulate its colorable applicability to the plaintiffs' claims.

In this case, Sikorsky is immune from liability herein pursuant to the "government contractor defense" as stated in *Boyle v. United Technologies, Inc.*, 487 U.S. 500 (1988). In the *Boyle* case, the Supreme Court held that:

> "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States". *Id.* at 512, [108 S.Ct. at 2518].

Sikorsky would show that it has met all three elements with regard to the helicopter in question, that is, that the United States approved reasonably precise specifications for the helicopter in question, that the helicopter conformed to those specifications and that Sikorsky warned the

United States about the dangers and the use of the helicopter that was known to Sikorsky but not to the United States.

The *Boyle* test for government contract immunity has been applied by many courts in the Fifth Circuit. *See, e.g., In Re Air Disaster at Mannheim Air Base, Germany*, 769 F.2d 115 (3rd Cir. 1985); *Stout v. Borg-Warner Corp.*, 933 F.2d 331 (5th Cir. 1991); *Akin v. Big Three Industries, Inc.*, supra at 823. It is also clear that the defense would apply to a claim characterized as a "marketing" claim or failure to warn. *See, e.g., In Re Air Disaster at Ramstein Air Base, Germany*, 81 F.3d 571, 574 (5th Cir. 1996).

## IV.

## CONCLUSION

Accordingly, it is clear that this case is removable because of diversity of citizenship under 28 U.S.C. § 1332 or alternatively, as a federal officer under 28 U.S.C. § 1442(a)(1).

Wherefore, Defendant Sikorsky Aircraft Corporation prays that Plaintiff's Motion to Remand be denied and for such other and further relief, both in law and equity, to which it may show itself justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 - Telecopier

By: /s/ Robert F. Ruckman

Robert F. Ruckman
State Bar No. 17367000
Katherine A. Staton
State Bar No. 02815650

James L. Walker
State Bar No. 20708500
JACKSON WALKER L.L.P.
112 E. Pecan, Suite 2100
San Antonio, Texas 78205-3738
(210) 978-7700
(210) 978-7790 - Fax

ATTORNEYS FOR DEFENDANT
SIKORSKY AIRCRAFT CORPORATION,
A SUBSIDIARY OF UNITED
TECHNOLOGIES CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2000, a true and correct copy of *Response of Defendant Sikorsky Aircraft Corporation to Plaintiff's Motion to Remand* was served on all counsel of record:

*VIA FACSIMILE*
Ray R. Marchan
HARRIS & WATTS, P.C.
1928 E. Elizabeth
Brownsville, Texas 78520
ATTORNEY FOR PLAINTIFFS

and

*VIA FACSIMILE*
Ron A. Sprague
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, TX 78216-5057
ATTORNEY FOR ITT INDUSTRIES, INC.

_____
Robert F. Ruckman