# ORIGINAL

*12*

United States District Court
Southern District of Texas
FILED

JAN 0 8 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KRISTA SALDANA, Individually and §
as Representative of the ESTATE OF §
DAVID SALDANA and as Next Friend §
of JAGGER SALDANA §
§
     Plaintiffs §
§
v. §     Civil Action No. B-00-176
§
ITT INDUSTRIES, SIKORSKY §
AIRCRAFT CORPORATION, a Subsidiary §
of UNITED TECHNOLOGIES §
CORPORATION, the ESTATE OF LT. COL. §
MARC LEE HOHLE and the ESTATE OF §
CAPTAIN MATTHEW BRENT THOMAS §
§
     Defendants §

## MOTION OF SIKORSKY AIRCRAFT CORPORATION TO DISMISS PLEA IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

     Comes now Sikorsky Aircraft Corporation, sued herein as "Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation," ("Sikorsky"), one of the Defendants in the captioned cause, and files this its Motion to Dismiss the "Plea in Intervention" and would show the Court as follows:

### I.

     On December 6, 2000, Intervenors, Melquidaes Saldana and Aurelia Saldana filed their "Plea in Intervention" in the above matter. However, there is no record that Intervenors followed the procedures set forth in Rule 24(c), Fed. R. Civ. P., pertaining to filing a motion to intervene and obtaining an appropriate order from the Court.

## II.

In the alternative, Intervenors' Plea in Intervention should be dismissed for lack of jurisdiction of the person of the Defendant Sikorsky. This Court does not have *in personam* jurisdiction of the Defendant Sikorsky because it is not amenable to process issued by a Texas court. In support thereof, Sikorsky would show the following:

(1)   Sikorsky is a corporation incorporated under the laws of Delaware with its principal place of business in Stratford, Connecticut. Sikorsky is in the business of manufacturing helicopters.

(2)   Sikorsky does not have any facility located in the State of Texas for the design, manufacture or production of helicopters.

(3)   Sikorsky does not own any real property in the State of Texas nor does it have any bank accounts in the State of Texas.

(4)   Sikorsky does not maintain any offices in the State of Texas.

(5)   Sikorsky does not have any systematic and/or continuous business contacts within the State of Texas from which Plaintiffs cause of action arose.

(6)   Sikorsky does not maintain any employees, servants or agents in the State of Texas.

(7)   Sikorsky does not maintain any telephone listings in the State of Texas nor advertise its products in any local media in the State of Texas.

(8)   The Plaintiffs' cause of action alleged herein does not arise out of any contact or activity of Sikorsky within the State of Texas.

Sikorsky incorporates herein by reference the verification of these facts as set forth in the Special Appearance filed by Sikorsky in response to the Plaintiffs' Original Petition herein.

The assumption of jurisdiction by this Court over Sikorsky would offend traditional notions of fair play and substantial justice, depriving Sikorsky of due process as guaranteed by the Constitution of the United States of America.

### III.

Intervenors' Plea in Intervention should be dismissed for insufficiency of process and/or insufficiency of service of process. In this regard, Sikorsky would show that Intervenors attempted to serve Sikorsky by serving CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002. CT Corporation System in Houston, Texas is not the registered agent for service for Sikorsky. Instead, CT Corporation System in Houston, Texas is the registered agent for United Technologies Corporation, which is the parent of Sikorsky. As noted in paragraph 2 herein, Sikorsky is a separate corporation incorporated under the laws of Delaware with its principal place of business in Stratford, Connecticut. To date, service has not been made on the Defendant Sikorsky.

### IV.

Sikorsky would show that the Plea in Intervention fails to state a claim upon which relief can be granted.

Wherefore, Defendant Sikorsky prays that the Intervenors' Plea in Intervention be dismissed together with such other and further relief, both in law and equity, to which it may show itself justly entitled.

Respectfully submitted,

JACKSON  WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 - Telecopier

By: _____

Robert F. Ruckman
State Bar No. 17367000
Katherine A. Staton
State Bar No. 02815650

James L. Walker
State Bar No. 20708500
JACKSON  WALKER L.L.P.
112 E. Pecan, Suite 2100
San Antonio, Texas  78205-3738
(210) 978-7700
(210) 978-7790 - Fax

**ATTORNEYS FOR DEFENDANT
SIKORSKY AIRCRAFT CORPORATION,
A SUBSIDIARY OF UNITED TECHNOLOGIES
CORPORATION**

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2001, a true and correct copy of *Motion of Sikorsky Aircraft Corporation to Dismiss Plea in Intervention* was served on all counsel of record:

*VIA CERTIFIED MAIL NO. P 970 474 688*
*RETURN RECEIPT REQUESTED*
Ray R. Marchan
HARRIS & WATTS, P.C.
1928 E. Elizabeth
Brownsville, Texas  78520
**ATTORNEY FOR PLAINTIFFS**

and

*VIA CERTIFIED MAIL NO. P 970 474 689*
*RETURN RECEIPT REQUESTED*
Ron A. Sprague
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, TX 78216-5057
**ATTORNEY FOR ITT INDUSTRIES, INC.**

and

*VIA CERTIFIED MAIL NO. P 970 474 690*
*RETURN RECEIPT REQUESTED*
Joe Valle
Attorney at Law
1120 East 10th Street
Brownsville, Texas  78520
**ATTORNEY FOR INTERVENORS**

Robert F. Ruckman