#17
19

United States District Court
Southern District of Texas ,
FILED

FEB 2 3 2001

Michael N. Milby
Clerk of Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

KRISTA SALDANA, Individually and as    *
Representative of the Estate of DAVID    *
SALDANA and as Next Friend of    *
JAGGER SALDANA,    *
   *
Plaintiff,    *
   *
v.    *    CIVIL ACTION No. B-00-176
   *
ITT INDUSTRIES, INC., SIKORSKY    *
AIRCRAFT CORPORATION, A    *
Subsidiary of UNITED    *
TECHNOLOGIES CORPORATION,    *
THE ESTATE OF LT. COL. MARC    *
LEE HOHLE and THE ESTATE OF    *
CAPTAIN MATTHEW BRENT    *
THOMAS,    *
   *
Defendants.    *

### THE UNITED STATES OF AMERICA'S
### (ON BEHALF OF THE ESTATES OF LT. COL. MARC HOHLE AND
### CAPTAIN MATTHEW THOMAS) RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

TO THE HONORABLE JUDGE OF SAID COURT:

      The United States of America, proceeding on behalf of the defendant estates of
Lt. Col. Marc Hohle and Captain Matthew Thomas, opposes the Plaintiffs' request for
an enlargement of time for which to respond to their respective motions to substitute
the United States as defendants in their stead. The United States respectfully suggests
that the Plaintiffs' request for an enlargement of time in order to take discovery that will
enable them to contest the motions lacks merit. The United States urges the Court to
consider:

      1.     On January 19, 2001, Motions to Substitute the United States as
              Defendant in the stead of the estates of Lt. Col. Marc Hohle and Captain

Matthew Thomas were filed. As indicated in these motions, and verified by corresponding certifications signed by the United States Attorney for the Southern District of Texas, Lt. Col. Hohle and Captain Thomas were acting within the course and scope of their employment as military pilots at the time of the tragic accident at issue. Accordingly, the United States is the proper defendant with regard to allegations regarding the actions of Lt. Col. Hohle and Captain Thomas. See, Motions for Substitution which are incorporated by reference herein and 28 U.S.C. 2674, 2979(b), 2679(d), 28 C.F.R. 15.3 and 50.15.

2.      In Plaintiffs' motion, it is suggested that Plaintiffs' need to take discovery in order to formulate a response in opposition to the motions for substitution. The United States suggests that Plaintiffs would be hard pressed to show where there can be any evidence that would show that Lt. Col. Hohle and Captain Thomas were acting outside the course and scope of their employment as pilots for the United States military at the time of the accident at issue.

3.      In their Original Petition, Plaintiffs' acknowledge that the accident involved a "military helicopter" and that:

> "...all of the agents, servants, and/or employees for Defendants, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in the furtherance of the duties of their office or employment." See Paras. IV and XXI of Plaintiffs' Original Petition.

4.      Further, it should be noted that neither of the defendant pilot estates has been properly served in this case. In both instances, the representatives of the pilots' estates are the pilots' spouses. Neither spouse has been served with a copy of the complaint and summons in this case.[1] See

---

[1]Texas rules allow for service of process upon out of state decedents to be made through/upon the Secretary of State for the State of Texas. See, Tex. Civ. Prac. & Rem. Code, Sec. 17.044. There is no evidence that the Plaintiff has attempted such service. It is noted however, that the Plaintiffs did attempt to serve Lt. Col. Hohle's estate by serving his father, who is not the executor of Lt. Col. Hohle's

Exhibits 1 and 2. *[The information redacted from exhibits 1 and 2 are: (1) the social security numbers for the decedents; and, (2) the home and work telephone numbers for Doris Hohle and Sandy Thomas. This information was redacted in accordance with applicable provisions of the Privacy Act, 5 U.S.C. 552.]* Surely, Plaintiffs should, at a minimum, be required to serve all the defendants prior to taking discovery.

5.      In an effort to streamline and resolve the procedural problems with this case so as to avoid the additional distress upon the families of the pilots, the United States moved for the substitution as quickly as possible. It is anticipated that once the substitution of the United States as defendant takes place, the United States will seek to dismiss the case against it on a number of jurisdictional grounds, any one of which would warrant the dismissal of the United States from the case.

6.      However, the Plaintiffs' suggestion that they need to take discovery in order to respond to the pending motions for substitution is impractical and will be of no assistance in opposing the motions for substitution. Plaintiffs should be required to demonstrate what information they expect to be able to obtain from discovery that will enable them to contest the motions to substitute especially in light of their own assertions that all participants were acting within the course and scope of their duties at the time of the accident. See para. XXI of Plaintiffs' Original Petition.

7.      Plaintiffs' suggestion that the United States, or the representatives of Lt. Col. Hohle's estate or Captain Thomas' estate, participate in an emotionally and financially draining discovery process is frivolous and prejudicial; therefore, Plaintiffs' motion for enlargement of time to respond to the motions to substitute should be denied.

WHEREFORE, PREMISES CONSIDERED, the United States prays that this

---

estate.

CtMPDF - www.fastio.com

Court deny Plaintiffs' motion for enlargement of time and grant the United States motions for substitution filed on behalf of the estates of Lt. Col. Hohle and Captain Thomas.

Respectfully submitted,

MERVYN M. MOSBACKER, JR.
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 East Harrison St., No. 201
Brownsville, TX 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of "THE UNITED STATES OF AMERICA'S  (ON BEHALF OF THE ESTATES OF LT. COL. MARC HOHLE AND CAPTAIN MATTHEW THOMAS) RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME" was mailed via certified mail, return receipt requested to the following:

Mr. Ray Marchan
Attorney at Law
Harris & Watts, P.C.
1926 E. Elizabeth St.
Brownsville, Texas 78520

Mr. Ron A. Sprague
Attorney at Law
Gendry & Sprague, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707

Robert F. Ruckman and Katherine A. Staton
Attorneys at Law
Jackson Walker, LLP
901 Main Street, Suite 600
Dallas, Texas   75202

Joe Valle
Attorney at Law
1120 East 10th Street
Brownsville, Texas   78520

February 23, 2001
Date

NANCY L. MASSO
Assistant United States Attorney



# UNITED STATES MARINE CORPS
JOINT LAW CENTER
P.O. BOX 452013
SAN DIEGO, CALIFORNIA 92145-2013

IN REPLY REFER TO
5800
SJA/CIV
NOV 2 7 2000

From: Mrs. Sandy Thomas

To: General Litigation Division, Office of The Judge
Advocate General, United States Navy, 1322 Patterson
Avenue, Suite 3000, Washington Navy Yard, DC 20374-
5066

Via: Commanding General, 3d Marine Aircraft Wing

Subj: REQUEST FOR REPRESENTATION BY DEPARTMENT OF JUSTICE
ATTORNEYS IN STATE AND SUBSEQUENT FEDERAL CIVIL
PROCEEDINGS

Ref: (a) JAGMAN

Encl: (1) Plaintiff's Original Petition <u>ico Saldana vs.
ITT Industries, Sikorsky Aircraft Corp, and the
Estates of LtCol Hohle and Capt Thomas</u> filed 12
Sep 00

1. I am the representative for the estate of Captain
Matthew Brent Thomas ▇▇▇▇▇▇▇ United States Marine
Corps. Captain Thomas, who was my husband, was killed in
the aircraft accident now the basis for the law suit
described in enclosure (1).

2. The lawsuit is based upon actions performed by my
husband in the course of his official duties. While I have
not yet been served with a copy of enclosure (1), or any
other form of process, it is apparent that this is just a
matter of time. Therefore, I request that a Department of
Justice attorney be appointed to represent me, in my
capacity as the representative of Captain Matthew's estate.

3. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

SANDY THOMAS

**GOVERNMENT
EXHIBIT**
___1___



# UNITED STATES MARINE CORPS
JOINT LAW CENTER
P.O. BOX 452013
SAN DIEGO, CALIFORNIA 92145-2013

IN REPLY REFER TO
5800
SJA/CIV
1 Dec 00

From: Mrs. Doris J. Hohle
To:   General Litigation Division, Office of The Judge Advocate
      General, United States Navy, 1322 Patterson Avenue, Suite
      3000, Washington Navy Yard, DC 20374-5066
Via:  Commanding General, 3d Marine Aircraft Wing

Subj: REQUEST FOR REPRESENTATION BY DEPARTMENT OF JUSTICE
      ATTORNEYS IN STATE AND SUBSEQUENT FEDERAL CIVIL
      PROCEEDINGS

Ref:  (a) JAGMAN

Encl: (1) Plaintiff's Original Petition ico Saldana vs. ITT
          Industries, Sikorsky Aircraft Corp, and the
          Estates of LtCol Hohle and Capt Thomas filed 12 Sep 00

1.  I am the representative for the estate of Lieutenant
Colonel Marc Lee Hohle, ▓▓▓▓▓ United States Marine Corps.
Lieutenant Colonel Hohle, who was my husband, was killed in the
aircraft accident now the basis for the lawsuit described in
enclosure (1).

2.  The lawsuit is based upon actions performed by my
husband in the course of his official duties.  While I have not
yet been served with a copy of enclosure (1), or any other form
of process, it is apparent that this is just a matter of time.
Therefore, I request that a Department of Justice attorney be
appointed to represent me, in my capacity as the representative
of the Lieutenant Colonel Hohle's estate.

3. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Sincerely,

DORIS J. HOHLE

GOVERNMENT
EXHIBIT
2