23

ClibPDF - www.fastio.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

MAR 1 4 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Krista Saldana, individually and as representative of the estate of David Saldana and as next friend of Jagger Saldana, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-00-176 |
| ITT Industries, et al., | § § | |
| Defendants. | § § § | |

## ORDER

BE IT REMEMBERED, that on March 14, 2001, the Court **DENIED** the Plaintiffs' Motion to Remand [Dkt. No. 7], **DENIED** the Plaintiffs' Motion to Enlarge Time to Respond to Motions to Substitute the United States of America as Defendant in the Stead of The Estate of Lt. Colonel Marc Lee Hohle and in the Stead of the Estate of Captain Matthew Brent Thomas [Dkt. No. 17], **GRANTED** the United States' Motion to Substitute the United States of America as Defendant in the Stead of The Estate of Captain Matthew Brent Thomas (Opposed) [Dkt. No. 15], and **GRANTED** the United States' Motion to Substitute the United States of America as Defendant in the Stead of The Estate of Lt. Colonel Marc Lee Hohle (Opposed) [Dkt. No. 16].

## I.    Plaintiffs' Motion to Remand

The Plaintiffs argue that this lawsuit should be remanded to the 357th Judicial District Court of Cameron County, Texas, because this Court does not have diversity subject matter jurisdiction since the Plaintiffs and one of the Defendants, The Estate of Lt. Colonel Marc Lee Hohle, are Texas citizens. In response, the Defendants, ITT Industries, Inc. [Dkt. No. 9] and Sikorsky Aircraft Corp. [Dkt. No. 11], argue that this Court does have jurisdiction because The Estate of Lt. Colonel Marc Lee Hohle is not a Texas citizen. The Court finds

1

that the Defendants' arguments have merit, and that it does have diversity jurisdiction over this lawsuit.

This Court has subject matter jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1). The Parties do not dispute that the amount in controversy in this wrongful death lawsuit is more than $75,000.00. However, the Plaintiffs and Defendants do disagree on whether there is complete diversity among the Parties. "It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side." See Mas v. Perry, 489 F.2d 1396, 198-99 (5th Cir. 1974).

This case involves both natural persons and corporations. The citizenship of a natural person is determined by where they are domiciled. See Coury v. Prot, 85 F.3d 244, 248 (5th Cir.1996). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . .'" Mas, 489 F.2d at 1399 (citing Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954). See Spann v. Northwestern Mut. Life Ins. Co., 795 F.Supp. 386, 390 (M.D. Ala. 1992). "A person's domicile persists until a new one is acquired or it is clearly abandoned." Id. at 250. "A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely." Id. A corporation, unlike a natural person, can be a citizen of two states simultaneously because it is both a citizen of its place of incorporation and its principal place of business. See 28 U.S.C. § 1332(c)(1).

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, "when faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy." Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996). The jurisdictional facts supporting removal must be examined as of the time of removal. See Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de

2

Columbia ("ANPAC") v. Dow Quimica de Columbia, S.A., 988 F.2d 559, 565 (5th Cir.1993). In determining whether diversity jurisdiction exists, a court is not limited to the pleadings. See Coury, 85 F.3d at 248-49. It may look to any evidence in the record, such as affidavits, to determine the citizenship of the parties. See id.

The Plaintiffs argue that this Court does not have diversity jurisdiction because one of the Defendants, The Estate of Lt. Colonel Marc Lee Hohle, is a citizen of the same state as the Plaintiffs.[1] The Plaintiffs assert that they are citizens of Texas [Dkt. Nos. 1, Exh. A, ¶ 2 and Dkt. No. 7], and that assertion is undisputed. The issue then is whether The Estate of Lt. Colonel Marc Lee Hohle is a citizen of Texas.[2] The citizenship of an estate is the same as the citizenship of the decedent. See 28 U.S.C. § 1332(c)(2). The undisputed affidavit of Doris Hohle, the legal representative of The Estate of Lt. Colonel Marc Lee Hohle and the decedent's widow, states:

> I am the widow of Lt. Col. Marc Lee Hohle and the Executrix of his Estate. My husband was born in Texas, but moved with his family to Louisiana as a child and never again lived in Texas. He was raised and educated in Louisiana. He entered the United States Marine Corp from the State of Louisiana and paid Louisiana state taxes throughout his military career.

---

[1] The Parties do not dispute that the remaining three Defendants, ITT Industries, Inc., Sikorsky Aircraft Corp., and The Estate of Captain Matthew Brent Thomas, are diverse from the Plaintiffs. Defendant ITT Industries, Inc. states that it is incorporated in Indiana and has its principal place of business in New York [Dkt. No. 1]. Defendant Sikorsky Aircraft Corp. states that it is incorporated in Delaware and has its principal place of business in Connecticut [Dkt. No. 11]. The Plaintiffs allege in their complaint that The Estate of Captain Matthew Brent Thomas can be served at an address in California [Dkt. No. 1, Exh. A, ¶ 6].

No Party has argued that the intervenor-Plaintiffs, Melquiades Saldana and Aurelia Saldana, are properly before the Court, and are citizens of the same state as one of the Defendants. The Court granted the intervenor-Plaintiffs' motion to intervene, which states that they are residents of Brownsville, Texas [Dkt. No. 18]; however, no complaint has been filed.

[2] The Court must consider the citizenship of The Estate of Lt. Colonel Marc Lee Hohle, although it has not been properly served [Dkt. No. 9, Exh. A]. "It is well settled that service of process has no bearing on the establishment of diversity jurisdiction; the determinative factor is whether plaintiff's voluntary act has clearly and definitively expressed a desire to discontinue the action as to the nondiverse defendants." Gandy v. Crompton, 55 F.Supp.2d 593, 596-97 (S.D. Miss. 1999).

3

During his military career, my husband was stationed in Florida, Virginia and California. He was living in Virginia with me and our two children until late 1998 when he received transfer orders to Miramar NAS, San Diego, California. We were also advised that my husband would be temporarily deployed to the 1st Marine Air Wing in Okinawa, Japan shortly after his scheduled arrival in Miramar NAS. We decided that I would remain in Virginia with the children until my husband returned from Okinawa. He was killed when his helicopter went down on a training mission off the coast of Okinawa on April 19, 1999 [Dkt. No. 9, Exh. B].

It is clear from Doris Hohle's affidavit that the decedent was not a citizen of Texas. Accordingly, The Estate is diverse from the Plaintiffs, and the Court has diversity subject matter jurisdiction over this lawsuit.

## II.    The United States' Motions to Substitute

The United States has filed motions to substitute itself as a defendant in place of The Estate of Captain Matthew Brent Thomas and The Estate of Lt. Colonel Marc Lee Hohle [Dkt. Nos. 15 and 16]. The United States argues that the Plaintiffs' exclusive remedy is against the United States because Captain Matthew Brent Thomas and Lt. Colonel Marc Lee Hohle were acting within the scope of their employment with the United States Marine Corps when the military helicopter they were flying crashed and killed David Saldana, the relative of the Plaintiffs. In response, the Plaintiffs have filed a motion requesting leave to conduct discovery on whether the pilots were acting within the scope of their employment before the Court rules on the United States' motions to substitute [Dkt. No. 17]. The United States asks the Court to deny the Plaintiffs' motion for discovery and rule on its motions to substitute because the Plaintiffs acknowledge in their complaint that the accident involved a military helicopter and that the pilots were acting within the scope of their employment at the time of the accident [Dkt. No. 19]. The Court finds that the Plaintiffs' motion for time to conduct discovery should be denied because the Plaintiffs are bound by the allegations made in their complaint and because they have not specified how discovery could reasonably reveal facts that would allow them to oppose the United States' substitution.

Furthermore, the Court grants the United States' motions to substitute [Dkt. Nos. 15 and 16]. The Plaintiffs cannot recover money damages from individual United States

4

employees for tortious acts or omissions committed within the scope of their employment. See 28 U.S.C. §§ 2674, 2679(b)(1), 1346(b). A plaintiff's exclusive remedy in such instances is against the United States Government. See id. If an employee is sued for tortious conduct, the United States "shall be substituted as the party defendant" upon certification by the United States Attorney that the employee was acting within the scope of his employment. 28 U.S.C. § 2679(d)(1). See 28 C.F.R. § 15.3. The United States has provided the certifications required for substitution. Its motions include signed affidavits from the United States Attorney for the Southern District of Texas, Mervyn M. Mosbacher, that state that he believes that each pilot was "acting within the scope of his employment as an employee of the United States Government at the time of the conduct alleged by plaintiff" [Dkt. Nos. 15 and 16, Exhs. A]. The Court does not have to accept these affidavits at face value and they do not create a presumption that the pilots were acting within the scope of their employment; however, the Plaintiffs have the burden of proof in challenging the affidavits and must provide some basis for their position. See Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 435 (1995); Williams v. U.S., 71 F.3d 502, 505-06 (5th Cir. 1995); Nevarez v. U.S., 957 F.Supp. 884, 891 (W.D. Tex. 1997). The Plaintiffs have not carried their burden because their complaint asserts that the pilots were acting within the scope of their employment when the helicopter went down, and, furthermore, they have provided no indication how discovery could reasonably reveal facts that would allow them to prove that the pilots were not acting within the scope of their employment.

DONE at Brownsville, Texas, this 14 day of March 2001.

Hilda G. Tagle
United States District Judge

5