# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 3 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KRISTA SALDANA, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-176 |
| ITT INDUSTRIES, INC., SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF UNITED TECHNOLOGIES CORPORATION and UNITED STATES OF AMERICA | § § § § § § | |

## REPORT OF PARTIES' PLANNING MEETING

TO THE HONORABLE JUDGE OF SAID COURT:

    1.      Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on February 8, 2001, at

Nancy L. Masso's (U.S. Attorney's Office), and was attended by:

          Ray R. Marchan, Attorney for Plaintiffs
          Ron A. Sprague, Attorney for ITT Industries
          Nancy L. Masso, Attorney for U.S.A.
          J. L. Walker, Attorney for Sikorsky Aircraft Corporation

    2.      The parties submit the following summary of the case:

    This case arises from the crash of a U.S. Marine Corp CH-53E Seastallion helicopter, call sign "Tiger 07", off the east coast of Okinawa, Japan, on April 19, 1999. Plaintiffs' and Intervenors' decedent, Corporal David Saldana, was on active duty as a U.S. Marine assigned as an aerial observer on Tiger 07 when the accident occurred. LtCol Marc L. Hohle and Capt Matthew B. Thomas were the pilots of Tiger 07.

    While executing a lead change maneuver, Tiger 07 descended and impacted the water. All crewmembers were killed.

    Plaintiffs' and Intervenors' claims include contentions that the night vision goggles (NVG's) manufactured by ITT Industries, Inc. were unreasonably dangerous because ITT Industries, Inc. failed to adequately warn the crew of Tiger 07 that under low light conditions, the NVG's lose some of the resolution they have under high light conditions, that flight over large bodies of water under low light conditions make it

difficult for pilots to perceive a gradual loss of altitude and that, when transitioning from high light conditions to low light conditions using NVG's, it becomes more difficult to visualize a discernable horizon over low contrast terrain.

Plaintiffs contend that the mishap occurred because the pilots executed a turn away from the shore, from a high light condition to a low light condition, while over the ocean, failed to perceive their loss of altitude because of the inability to visualize a perceptible horizon and crashed into the ocean.

Plaintiffs' and Intervenors' claims include contentions that the CH-53E Seastallion was defective and unreasonably dangerous because it lacked an audible warning to the crew when the helicopter descended below a safe altitude and because Sikorsky failed to give adequate warning of the danger of the NVG systems when used in conjunction with the CH-53E helicopter.

Defendant ITT Industries, Inc. contends that the Night Vision Goggles available for use by the crew of Tiger 07 were not defective, did not fail and did not cause the mishap or Plaintiffs' damages. Defendant would also show that Plaintiffs' claims are barred by the Government Contractor Defense. In the unlikely event that state law is applied to determine liability of this Defendant, Defendant contends that the laws of the State of Virginia should apply to Plaintiff's allegations regarding the design, manufacture and/or marketing of Night Vision Goggles, any consumer protection issues, contributory negligence issues and damage limitations. In that regard, Defendant contends that Plaintiff's claims are barred by Corporal Saldana's contributory negligence and Plaintiff's claims for punitive damages are capped by Virginia Code §8.01-38.1 at $350,000. Further, Defendant contends that neither Corporal Saldana nor Plaintiffs are consumers with regard to Defendant's products and that Defendant had no duty to warn Corporal Saldana regarding the risks of using Night Vision Goggles in conjunction with Marine Corps helicopter operations.

Earlier this month, the Court granted the USA's motions to Substitute itself in the stead of the Hohle Estate and the Thompson Estate. On March 29, 2001, U.S.A. filed a Motion to Dismiss and Alternative Motion for Summary Judgment that all of Plaintiffs' claims against United States Of America are barred by applicable federal law, including the Feres Doctrine.

Defendant Sikorski Aircraft Corporation contends that the CH-53E involved in this mishap was not defective, did not fail and did not cause the mishap or Plaintiffs' damages. Defendant would also show that Plaintiffs' claims are barred by the Government Contractor Defense. Further, Defendant contends that neither Corporal Saldana nor Plaintiffs are consumers with regard to Defendant's products and that Defendant had no duty to warn Corporal Saldana regarding the risks of using the CH-53E helicopter in conjunction with Marine Corps helicopter operations.

2

3.      Plan for Alternative Dispute Resolution (ADR).

        a.      Plaintiffs and Intervenors shall submit to defendant a written, good-faith settlement proposal by November 1, 2001.  By December 1, 2001, Defendants shall each make a written, good-faith response to such proposal, either accepting it or submitting a good-faith counter-proposal to settle the case.

        b.      To date, the parties have engaged in the following good faith efforts to resolve this matter:

                Counsel for ITT contacted Plaintiffs' and Intervenors' counsel asking that the claims against the Estates of Hohle and Thompson be voluntarily dismissed.  The possibilities of settlement were discussed at this conference but there was no progress made toward a negotiated resolution.

        c.      The parties have agreed on the following alternative dispute resolution procedure, which will be accomplished by 30 days before trial, mediation with a mediator to be agreed upon by all parties.

4.      Plan for Pre-Discovery Disclosures.  The parties shall exchange by May 30, 2001, the information required by Fed.R.Civ.P. 26(a)(1).

5.      Discovery Plan.  The parties jointly propose to the court the following discovery plan:

        a.      Plaintiff anticipates initial discovery to be propounded by June 16, 2001, upon each defendant regarding issues applicable to this case.

        b.      Defendants believe, and plaintiffs disagree, that discovery should be stayed until such time as the Court has ruled on preliminary motions concerning the status of the Estates of Hohle and Thompson and/or the United States as Defendants.  Discovery should then proceed on the Government Contractor Defense issues, with general discovery proceeding only after the Court has ruled on Defendants' Motions for Summary Judgment based on the Government Contractor Defense.

        c.      When discovery proceeds, it will be necessary to depose military witnesses involved in the mission in question and the mishap investigation.  Contention interrogatories will be served on Plaintiffs and Intervenors to determine the factual basis for their allegations and determine the exact nature of the alleged defects in Defendants products and how such defects allegedly caused the mishap.  Discovery will be conducted with the U.S. Marine Corps to identify the model of Night Vision Goggles available to the crew of Tiger 07 on the night in question, and the procurement, operational history and maintenance history of the Night Vision Goggles and the CH-53E helicopter made the basis of this suit.  Expert witnesses are anticipated on behalf of all parties.

3

d.    One or more of the parties anticipate the following problem(s) in discovery, which should be discussed with the Court and, if possible, resolved at the scheduling conference:

> Discovery involving military witnesses will be complicated by applicable federal regulations concerning the testimony of such witnesses, safety board privileges, and the physical location of witnesses and evidence. Defendants anticipate the need for appropriate protective orders to maintain the confidentiality of proprietary engineering information related to the design and manufacturing of their products.

e.    Plaintiffs and Intervenors anticipate that a maximum of 60 interrogatories, including all discrete subparts, by each party to any other party.

Defendant ITT Industries believes the allowance of 60 Interrogatories would be excessive and would lead to unnecessary discovery disputes rather than facilitating the discovery process. ITT Industries recommends that the parties be limited to 30 Interrogatories.

f.    Plaintiffs and Intervenors anticipate that a maximum of 60 requests for admission by each party to any other party.

Defendant ITT Industries believes the allowance of 60 Requests for Admissions would be excessive and would lead to unnecessary discovery disputes rather than facilitating the discovery process. ITT Industries recommends that the parties be limited to 30 Requests for Admissions.

g.    Maximum of 20 depositions by plaintiff and 20 by defendants.

h.    Each deposition other than that of *retained experts and parties* shall be limited to maximum of eight (8) hours. *However, the party taking the deposition shall be limited to an initial time with the witness of three (3) hours and each party, regardless of the above stated six (6) hour maximum shall be permitted to examine the witness for at least two (2) hours if they desire to do so.*

i.    Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, are due from plaintiff by *90 days before trial* and from defendants by 60 days before trial.

i.    *No* Fed. R. Civ. P. 35 physical or mental exam *is anticipated in this case.*

4

j.  Supplementation under Fed. R. Civ. P. 26(e) due *shall be made by all parties on a quarterly basis, and not later than thirty (30) days prior to the close of discovery.*

k.  Discovery in this case shall be completed 30 days before trial.

6.  **Deadlines for Amendments and Potentially Dispositive Motions.**

a.  Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by 180 days prior to trial.

b.  Any motions to dismiss for lack of personal jurisdiction, venue or propriety of the parties, or for failure to state a claim upon which relief may be granted shall be filed by 45 days after the Court rules on the Government's Motion to Dismiss.

c.  All other potentially dispositive motions shall be filed by 60 days prior to trial.

7.  **Deadlines Relating to Witnesses and Exhibits.**

a.  The parties shall file preliminary witness and exhibit disclosures under Fed. R. Civ. P. 26(a)(3) by 120 days before trial.

b.  The parties shall file final witness and exhibit disclosures under Fed. R. Civ. P. 26(a)(3) by 30 days before trial.

c.  The parties shall have fourteen (14) days after service of final lists of witnesses and exhibits to file their objections under Fed. R. Civ. P. 26(a)(3).

8.  **Other Items.**

a.  By 120 days prior to trial, any party asserting comparative fault shall identify all persons or entities whose fault is to be compared.

b.  The parties request a status conference prior to the final pretrial conference.  They request a status conference in Brownsville, Texas.

c.  The parties request that the Court hold the final pretrial conference in Brownsville, Texas.

d.  Plaintiffs and Intervenors believe that the case should be ready for trial in December, 2001  At this time trial is expected to take approximately 2 weeks.

Defendant ITT Industries and Sikorsky Aircraft Corporatoin do not believe a December, 2001 trial date for this case is realistic. The difficulties in obtaining discovery from the Marine Corps, the highly technical nature of the evidence, dealing with the privileged, classified and proprietary information, and the geographic location of the necessary evidence will all tend to slow the progress of discovery without fault on any party. Additionally, time should be built into the schedule to allow for the filing, briefing, arguing and consideration of the Government Contractor Defenses plead by both manufacturing Defendants. ITT Industries respectfully recommends that trial not be scheduled until the fall of 2002.

e.    Other matters.

All parties are required to produce their experts' entire files at least seven (7) days in advance of th expert's depositions.

Date: ___3/30/01___

WATTS & HEARD, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
Telephone:  (956) 546-0333
Facsimile:  (956) 541-0255

By: _____
     RAY R. MARCHAN
     State Bar No. 12969050
     Federal I.D. No. 9522

ATTORNEYS FOR PLAINTIFFS

CVisPDF - www.fesisi.com

Mr. Joe Valle
Attorney at Law
1120 East Tenth Street
Brownsville, Texas 78520
Telephone:  (956) 546-2629
Facsimile:  (956) 542-4084

By:    _____

     JOE VALLE
     State Bar No. 20435450
     Federal I.D. #11422

ATTORNEY FOR INTERVENORS

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707
Telephone: (210) 349-0511
Facsimile: (210) 349-2760


By:    _____

     RON A. SPRAGUE
     State Bar No. 18962100
     Federal I.D. No. 151

ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

By:    _____

     ROBERT F. RUCKMAN
     State Bar No. 17367000
     KATHERINE A. STATON
     State Bar No. 02815650

ATTORNEYS FOR DEFENDANT SIKORSKY
AIRCRAFT CORPORATION, A SUBSIDIARY
OF   UNITED   TECHNOLOGIES
CORPORATION

7

MERVYN M. MOSBACKER, JR.
UNITED STATES ATTORNEY
600 East Harrison, Suite 201
Brownsville, Texas 78520
Telephone: (956) 548-2554
Facsimile: (956) 548-2549


By:     _____
        NANCY L. MASSO
        State Bar No. 00800490
        Federal I.D. No. 10263

ATTORNEYS FOR THE ESTATES OF LT. COL.
MARC HOHLE AND CAPTAIN MATTHEW
THOMAS

8

Case 1:00-cv-00176   Document 24   Filed in TXSD on 03/30/2001   Page 9 of 10

Mr. Joe Valle
Attorney at Law
1120 East Tenth Street
Brownsville, Texas 78520
Telephone: (956) 546-2629
Facsimile: (956) 542-4084


By: _____
    JOE VALLE
    State Bar No. 20435450
    Federal I.D. #11422

ATTORNEY FOR INTERVENORS

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707
Telephone: (210) 349-0511
Facsimile: (210) 349-2760

By: _____
    RON A. SPRAGUE
    State Bar No. 18962100
    Federal I.D. No. 151

ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822


By: _____
    ROBERT F. RUCKMAN
    State Bar No. 17367000
    KATHERINE A. STATON
    State Bar No. 02815650

ATTORNEYS FOR DEFENDANT SIKORSKY
AIRCRAFT CORPORATION, A SUBSIDIARY
OF    UNITED    TECHNOLOGIES
CORPORATION

7

ITT INDUSTRIES, INC.

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

By: _____

    ROBERT F. RUCKMAN
    State Bar No. 17367000
    KATHERINE A. STATON
    State Bar No. 02815650

ATTORNEYS FOR DEFENDANT SIKORSKY
AIRCRAFT CORPORATION, A SUBSIDIARY
OF    UNITED    TECHNOLOGIES
CORPORATION

MERVYN M. MOSBACKER, JR.
UNITED STATES ATTORNEY
600 East Harrison, Suite 201
Brownsville, Texas 78520
Telephone: (956) 548-2554
Facsimile: (956) 548-2549

By: _____

    NANCY L. MASSO
    State Bar No. 00800490
    Federal I.D. No. 10263

ATTORNEYS FOR THE ESTATES OF LT. COL.
MARC HOHLE AND CAPTAIN MATTHEW
THOMAS

7