UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 3 0 2001

Michael N. Milby
Clerk of Court

KRISTA SALDANA, Individually and as *
Representative of the Estate of DAVID *
SALDANA and as Next Friend of *
JAGGER SALDANA, *
    *
Plaintiff, *
    *
v. *   CIVIL ACTION No. B-00-176
    *
ITT INDUSTRIES, INC., SIKORSKY *
AIRCRAFT CORPORATION, A *
Subsidiary of UNITED *
TECHNOLOGIES CORPORATION, *
and the UNITED STATES OF *
AMERICA, *
    *
Defendants. *

## THE UNITED STATES OF AMERICA'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), (4), (5) AND (6) OF THE FRCP AND ALTERNATIVE MOTION FOR SUMMARY JUDGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

The United States moves to dismiss plaintiffs' claims against it pursuant to Rules 12(b)(1), (4), (5) and (6) of the Federal Rules of Civil Procedure. In the alternative, to the extent that this Court may need to consider matters presented from outside the pleadings herein, the United States moves for summary judgement pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

Plaintiffs suit against the United States should be dismissed because:

(A)   the plaintiffs have not exhausted their administrative remedies against the United States as required under 28 U.S.C. 2675(a);

(B)   the plaintiffs' claims against the United States are prohibited under the

<u>Feres</u> Doctrine;

(C)  the accident at issue occurred over foreign territory and is therefore exempt from coverage under the Federal Tort Claims Act, 28 U.S.C. 2680(k); and,

(D)  the United States has not been served.

Any one of these allegations warrant the dismissal of this action against the United States.

In particular the United States asks that this Court consider the following:

### *Background*

1. On April 19, 1999, a military helicopter being piloted and manned by active duty servicemen of the United States Marine Corps, went down at sea near Okinawa, Japan, killing all on board. One of the crew members killed was David Saldana—husband and father to the plaintiffs in this case. See paras. V, XXII, and XIII of Plaintiffs' Original Petition and Government's Exhibit "A".

2. On September 12, 2000, the Plaintiffs filed this lawsuit claiming that the pilots were negligent "in failing to avoid the collision of the CH53-E helicopter." See para. XX of Plaintiffs' Original Petition.

3. To date, no administrative claim for recovery of damages resulting from this accident has been presented to the United States. See Government's Ex. "B" and 28 U.S.C. 2675(a).

### *Argument*

A.  <u>This Court lacks subject matter jurisdiction over Plaintiffs' claims against the United States because Plaintiffs have failed to exhaust their administrative remedies under the Federal Tort Claims Act.</u>

In this lawsuit, any claim for recovery against the United States for common law torts fails on jurisdictional grounds. The United States, as a sovereign, "is immune from suit save as it consents to be sued...and the terms of its content to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976) (citing <u>United States v. Sherwood</u>, 312 U.S. 584, 586 [1941]). This waiver cannot be implied, but must be unequivocally expressed. <u>Id.</u>

The Federal Tort Claims Act (FTCA), provides a limited waiver of immunity against the United States for certain common law tort actions. 28 U.S.C. Sections 1346(b), 2401(b), and 2671-2680.

In the case at bar, one of the plaintiffs most glaring problems in asserting tort claims against the government, is that they have failed to submit an administrative tort claim as required under the FTCA. See 28 U.S.C. 2675. See also, Government's Ex. "B". Without such a claim, and an exhaustion of the administrative process, Plaintiffs cannot pursue a lawsuit against the government. <u>Id</u>.

Therefore, this Court lacks subject matter jurisdiction over the United States for the claims raised by the Plaintiffs, and the case should be dismissed pursuant to Rule 12(b)(1) of the F.R.C.P.

B. <u>This Court lacks subject matter jurisdiction over claims brought by military personnel (or their estates or surviving children) injured or killed while on active duty with the military (i.e. the Feres Doctrine).</u>

Plaintiffs' claims also fail because of the application of the <u>Feres</u> doctrine. In <u>Feres vs. United States</u>, 340 U.S. 135 (1950), the Supreme Court held that "the Government is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." <u>Feres</u>, 340 U.S. at 146.

In the case at bar there is no dispute that David Saldana was killed in the performance of his duties for the military. See Government's Exhibit "A".

Thus, even if plaintiffs had filed an administrative claim for relief under the FTCA, their lawsuit against the United States should be dismissed for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

C.  **This Court lacks subject matter jurisdiction over the United States for claims arising in foreign countries.**

Plaintiffs' suit against the United States is also barred by the foreign country exception to the Federal Tort Claims Act, 28 U.S.C. 2680(k). As previously stated, as a sovereign, the United States may only be sued as to the extent that it has consented to be sued. At 28 U.S.C. 2680(k), Congress specifically provided that the FTCA provisions would not apply to "[a]ny claim arising in a foreign country." In the case at bar, the accident at issue occurred at sea near Okinawa, Japan. See Plaintiffs' Original Petition at Para.V. Any acts or omissions complained of with regard to the conduct of the pilots and the flying of the aircraft occurred over foreign territory; accordingly, the FTCA does not apply and the United States is immune from suit. See, Eaglin vs. United States, 794 F.2d 981 (5th Cir. 1986).

Therefore, this suit should be dismissed for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

D.  **This Court lacks personal jurisdiction over the United States because Plaintiffs have yet to serve the United in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.**

And finally, the United States submits that this case should be dismissed for want of personal jurisdiction. Rule 4(i) of the FRCP sets forth the means upon which to properly serve the United States. Rule 4(i) requires that plaintiffs serve the United

States a copy of the summons and complaint by sending a copy of the summons and complaint via certified or registered mail to the following: (1) the United States Attorney for the district in which the action is brought; (2) the Attorney General for the United States; and, (3) the officer or agency (i.e. in this case, the Department of the Navy) whose actions are under question.

In the case at bar, a review of the Court's file will reflect that Plaintiffs have made absolutely no attempt to serve the United States with a copy of the summons and complaint herein; therefore, the lawsuit against the United States should be dismissed pursuant to rules 12(b)(4) and (5) of the FRCP.

WHEREFORE PREMISES CONSIDERED, the United States pray that this Court grant its motion to dismiss; or, in the alternative, to the extent that this court may need to consider matters beyond the scope of the pleadings hearing, grant the United States motion for summary judgement.

Respectfully submitted,

MERVYN M. MOSBACKER, JR.
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 East Harrison St., No. 201
Brownsville, TX 78520
Tel: (956) 548-2554
Fax: (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KRISTA SALDANA, Individually and as Representative of the Estate of DAVID SALDANA and as Next Friend of JAGGER SALDANA | * * * * * | |
| Plantiff, | * * | |
| vs. | * * | CIVIL ACTION No. B-00-176 |
| ITT INDUSTRIES, INC., SIKORSKY AIRCRAFT CORPORATION, A Subsidiary of UNITED TECHNOLOGIES CORPORATION, THE ESTATE OF LT COL MARC LEE HOHLE and THE ESTATE OF CAPT MATTHEW BRENT THOMAS, | * * * * * * * * | |
| Defendants. | * | |

## DECLARATION

Based upon a review of the information now available with respect to the circumstances of the incidents upon which the plaintiff's claims are based, David Saldana was acting in the scope of his employment as an employee of the United States Government at all times relevant to the subject suit. Specifically, David Saldana was serving as a Corporal on active duty with the United States Marine Corps and assigned to Marine Heavy Helicopter Squadron 361 (HMH-361) as Helicopter Aerial Observer at the time of his death. He was acting in this official capacity while aboard a United States Marine Corps helicopter from HMH-361 which crashed during an assigned training mission off the coast of Okinawa, Japan on April 19, 1999. This crash, which forms the basis for the plaintiff's claims, resulted in the deaths of the entire aircrew, including David Saldana and the named DEFENDENTS Lieutenant Colonel Mark Lee Hohle and Captain Matthew Brent Thomas. Lieutenant Colonel Hohle and Captain Thomas were the pilots of the helicopter and were likewise on active duty with the United States Marine Corps and acting in the scope of their employment as employees of the United States Government.

Dated this the 22nd day of March, 2001.

                                                WILLIAM D. DURRETT
                                                Colonel, United Sates Marine Corps
                                                Staff Judge Advocate, 3d MAW



GOVERNMENT EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| KRISTA SALDANA, individually, and as Representative of the Estate of DAVID SALDANA, and as Next Friend of JAGGER SALDANA,<br><br>    Plaintiff,<br><br>v.<br><br>ITT INDUSTRIES, INC., SIKORSKY AIRCRAFT CORPORATION, A Subsidiary of UNITED TECHNOLOGIES CORPORATION, THE ESTATE OF LTCOL MARC LEE HOHLE, and THE ESTATE OF CAPTAIN MATTHEW BRENT THOMAS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. B-00-176<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION

    DECLARANT, states as follows, to wit:

  THAT, I am JAMES B. NORMAN, Captain, Judge Advocate General's Corps, United States Navy, presently serving as Deputy Assistant Judge Advocate General (Claims, Investigations, and Tort Litigation Division), Office of the Judge Advocate General, Department of the Navy, 1322 Patterson Avenue, Suite 3000, Washington Navy Yard, D.C. 20374-5066.

  THAT, in this position, I am responsible for the supervision and monitoring of the practices and procedures relative to all administrative claims presented to the Department of the Navy arising under the Federal Tort Claims Act (28 U.S.C. § 1346(b), 2401(b), and 2671-2680 (1988)), and the supervision and monitoring, on behalf of the Department of the Navy, of all litigation in Federal district courts generated by such claims.

1



THAT, I am the custodian of the Department of the Navy's Claims and Tort Litigation records.

THAT, acting in the aforementioned capacity, I have caused a search to be made of the records maintained within the Office of the Judge Advocate General of the Navy; Naval Legal Service Office Central, Pensacola, Florida; Naval Legal Service Office Mid-Atlantic, Norfolk, Virginia; and, Naval Legal Service Office Southwest, San Diego, California, to determine whether the plaintiff, Krista Saldana, Individually, and as Representative of the Estate of David Saldana, and as Next Friend of Jagger Saldana, filed an administrative claim against the Department of the Navy, in any capacity, prior to commencing this action as required by 28 U.S.C. § 2675(a) (1988).

THAT, no action may be maintained against the United States under the Federal Tort Claims Act unless the plaintiff has first properly presented an administrative claim and that the claim has been finally denied.

THAT, all reasonable searches have failed to reveal that the plaintiff has filed such an administrative claim and to the best of my knowledge and belief the plaintiff, Krista Saldana, Individually, and as Representative of the Estate of David Saldana, and as Next Friend of Jagger Saldana, has not filed an administrative claim with or against the Department of the Navy based on the subject matter of the action.

I declare under penalty of perjury that the foregoing is true and correct.

19 JAN 01
Date

JAMES B. NORMAN
Captain, JAGC, U.S. Navy

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of "THE UNITED STATES OF AMERICA'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), (4), (5) AND (6) OF THE FRCP AND ALTERNATIVE MOTION FOR SUMMARY JUDGEMENT" was mailed via certified mail, return receipt requested to the following:

Mr. Ray Marchan
Attorney at Law
Harris & Watts, P.C.
1926 E. Elizabeth St.
Brownsville, Texas 78520

Mr. Ron A. Sprague
Attorney at Law
Gendry & Sprague, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5707

Robert F. Ruckman and Katherine A. Staton
Attorneys at Law
Jackson Walker, LLP
901 Main Street, Suite 600
Dallas, Texas   75202

Joe Valle
Attorney at Law
1120 East 10th Street
Brownsville, Texas   78520

March 29, 2001
Date

NANCY L. MASSO
Assistant United States Attorney