28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 23 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Krista Saldana, individually and as representative of the estate of David Saldana and as next friend of Jagger Saldana, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. B-00-176 |
| ITT Industries, et al., | § § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on May 23, 2001 the Court **GRANTED** the United States of America's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (5), and (6), and, in the Alternative, Motion for Summary Judgment [Dkt. No. 25]. The Plaintiffs Krista Saldana, individually, and as representative of the estate of David Saldana and as next friend of Jagger Saldana, have indicated that they are unopposed to the United States of America's motion [Dkt. No. 27]. The Plaintiff-intervenors Melquiades Saldana and Aurelia Saldana have not filed a response. The Court finds that it does not have subject matter jurisdiction over all of the Plaintiffs' claims against the United States of America because they arose in a foreign country. See 28 U.S.C. § 2680(k).

The Plaintiffs cannot proceed against the United States of America because Section 2680(k) of the Federal Tort Claims Act excepts from its scope any claim arising in a foreign country. See 28 U.S.C. § 2680(k). Section 2680(k) states that "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising in a foreign country." Id. Generally, a claim arises under the Federal Tort Claims Act where the alleged act of negligence occurred, rather than where the alleged negligence had its operative effect and caused the damage for which recovery is sought. See Price v. U.S.,

1

2

69 F.3d 46, 51 (5th Cir. 1995); Eaglin v. U.S., Dept. of Army, 794 F.2d 981, 982-83 (5th Cir. 1986); Cominotto v. U.S., 802 F.2d 1127, 1129-30 (9th Cir. 1986); Sami v. U. S., 617 F.2d 755, 761 (D.C. Cir. 1979); Pignataro v. U S, 172 F.Supp. 151, 152 (E.D. N.Y. 1959). In this lawsuit, the United States of America substituted in for the estates of pilots of a helicopter that crashed at sea close to the coast of Japan. Any act or omission committed by the deceased pilots arose outside of the United States of America and this Court therefore lacks subject matter jurisdiction. See Mundy v. U.S., 983 F.2d 950, 951 (9th Cir. 1993).

DONE at Brownsville, Texas, this 23 day of May 2001.

_____
Hilda G. Tagle
United States District Judge

2