29

United States District Court
Southern District of Texas
FILED

AUG 2 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KRISTA SALDANA, INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF | § | |
| THE ESTATE OF DAVID SALDANA | § | |
| AND AS NEXT FRIEND OF JAGGER | § | |
| SALDANA | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | Civil Action No.: B-00-176 |
| | § | |
| ITT INDUSTRIES, INC., SIKORSKY | § | |
| AIRCRAFT CORPORATION, A | § | |
| SUBSIDIARY OF UNITED | § | |
| TECHNOLOGIES CORPORATION, | § | |
| THE ESTATE OF LT. COL. MARC | § | |
| LEE HOHLE AND THE ESTATE OF | § | |
| CAPTAIN MATTHEW BRENT THOMAS | § | |
| | § | |
| Defendants | § | |

## DEFENDANT ITT INDUSTRIES, INC.'s
## MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ITT INDUSTRIES, INC., one of the Defendants in the above styled and numbered cause and files this Motion to Compel Disclosure to Interrogatories.  In support thereof, this Defendant will show the Court as follows:

1.   On May 8, 2001, this Defendant served Interrogatories on the Plaintiff through her counsel.  On June 6, 2001, Plaintiff answered and responded to that discovery.  However, Plaintiff's

answers were evasive and/or incomplete and thus Plaintiff has failed to disclose. FED. R. CIV. 37(a)(3). To wit Interrogatory Nos. 6, 7, 9, 10, 11, 12, and 15 each posed questions directly quoted and transcribed from Plaintiff's Original Petition/Complaint. Specifically, they read:

"6. State in complete detail the nature of your theory/theories, to include every act and/or omission supporting your theory/theories, which you allege were committed by the Defendant ITT, that constitutes:

(a) negligence;
(b) negligence per se;
(c) gross negligence;
(d) malice in designing;
(e) failure to warn;
(f) defective design;
(g) breach of express warranties;
(h) breach of implied warranties;
(i) total want of care and conscious and wilful indifference;
(j) utter disregard of duty;
(k) Deceptive Trade Practices;
(l) strict liability; and
(m) wrongful death."

"7. Please identify by name the "visual warning devices" you allege were available, but could not be detected due to ITT's alleged failure to warn (alleged throughout plaintiff's petition). Additionally, please state in detail how the alleged failure to warn "caused the temporary inability to see..." said visual warning devices, as alleged in paragraph XII of Plaintiff's Original Petition."

"9. Please describe in detail each and every one of the "acts and/or omissions of defendant ITT in designing, manufacturing, distributing,

-2-

selling, inspecting, and providing inadequate instructions and warnings." As you allege in paragraph VIII of Plaintiff's Original Petition."

"10. If you allege that one or more of the ANVIS-6 goggles on board the mishap aircraft failed in any way, please describe in detail exactly how you allege the ANVIS-6 goggles failed during the mishap in question. Additionally, please state which set or sets of goggles on board the aircraft failed."

"11. Describe in detail each and every error you allege Defendant ITT committed "during the design phase of the warnings of parameters of use." As alleged in paragraph IX of Plaintiff's Original Petition."

"12. Describe in detail each and every alleged failure to install adequate safety warning devices and/or advises (sic)." Moreover, describe each safety warning device you alleged should have been installed on the ANVIS-6 goggles made the basis of this suit."

"15. Please describe in detail the "design defect... known to defendant ITT," as well as the "component part and systems which would likely result in serious bodily injuries or even death" as alleged in paragraph IX of Plaintiffs' Original Petition."

2. Notwithstanding the fact that the aforementioned Interrogatories were transcribed directly from Plaintiff's Original Petition, Plaintiff answered each of the interrogatories with the same canned objection and response. Specifically,

"Plaintiff objects to this interrogatory in that it asks Plaintiff about information or subjects for which Plaintiff is a non-expert witness. Plaintiff has no medical, technical or other specialized knowledge with

which to answer.   Plaintiff further objects to this interrogatory to the extent that it inquires about the mental impressions, opinions, conclusions, legal theories and trial strategies of Plaintiff's attorneys in this case.    Subject  to  and  without  waiving  the  foregoing objection,  Plaintiffs  answer  as  follows:    It  is Plaintiff's position that the Night Vision Goggle System was defective' in its entirety.   The malfunction, the failure to warn and/or the defective design of the Night Vision  Goggle  System  was  proximately  caused  by  the negligence of Defendant ITT Industries, their agents, servants and/or employees in:

1.  In failing to warn the United States Government and its foreseeable users of the Night Vision Goggles that they  would  fail  in  transitioning  from  a  high  light area/high  cultural  lighting/visible  lighting/visible horizon to one of no light/no horizon.

2.  In failing to warn that the transition from high light   area/high   cultural   lighting/visible lighting/visible  horizon  to  no  light/no  horizon conditions would cause temporary inability to see to such an  extent  that  visual  warning  devices  could  not  be detected in order to avoid injury and/or death.

3.  In failing to properly warn the United States Government and its foreseeable users about the condition of  said  Night  Vision  Goggle  System  and  its  attendant equipment;

4.  In failing to warn the United States Government and its foreseeable users of the Night Vision Goggles that they  would  fail  in  transitioning  from  a  high  light area/high  cultural  lighting/visible  lighting/visible horizon to one of no light/no horizon."

3.  Plaintiff's disingenuous "answer" is literally taken from

Plaintiff's Original Petition, pages 4, 5, and 6.   Moreover,

numerical responses number 1 and 4 are redundant.  In other words,
Plaintiff's evasive, circular, and wholly inadequate answer should
be treated as a failure to disclose.[1]

    4.   Additionally, interrogatory No. 5, drafted directly from
Plaintiff's  Petition  (para  IV),  requests  details  regarding
allegations  that  the  ANVIS-6  are  "for  purposes  of  providing
helicopter operators the ability to see clearly during night flying
operations."   The  Defendant  requests  the  factual  basis,  or
documents/s in which the Plaintiff relies on in order to make such
an  allegation.   Plaintiff  objects  as  argumentative...  inquires
about mental impressions, opinions, conclusions, legal theories and
trial  strategies.  This Defendant  has  a  right  to  discover  any
information relevant to the subject matter concerning the instant
case.[2]   Moreover,  this  interrogatory,  as  all  the  other
interrogatories,  were  drafted  from  Plaintiff's  Petition,  the
Plaintiff's circular and illogical objections, tend to defy  the
descriptive power of language.

    5.   For  these  reasons,  Defendant  ITT  Industries,  Inc.
respectfully moves this Court for an Order compelling the Plaintiff

---

[1]*see* Beard v. Braunstein, 914 F.2d 434, 446 (3rd Cir.1990); Continental Ins.Co. v. McGraw, 110 F.R.D. 679, 681-82 (D.Colo.1986)

[2]Nutt v.Black Hills Stage Lines, Inc., 452 F.2d 480, 483 (8th Cir.1971).  *See also* Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir.1985).

to fully respond to Interrogatory Nos. 4, 5, 6, 7, 9, 10, 11, 12, and 15, and identify all existing and responsive documents requested by said interrogatories within three (3) days of the hearing on this Motion.

WHEREFORE, PREMISES CONSIDERED, Defendant ITT Industries, Inc. respectfully requests an oral hearing regarding this Motion and subsequent to said oral hearing, that this Motion in all things be granted.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216
Telephone: (210) 349-0511
Facsimile: (210) 349-2760

By: *Ron A Sprague w/permission Bianca P. Gel Fed I.D. No: 15807 SBN 15731575*
RON A. SPRAGUE
State Bar No. 189621000
Federal I.D. No. 151

ATTORNEYS FOR DEFENDANT ITT INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was mailed, certified mail, return receipt requested, to Mr. Ray Marchan, Watts & Heard, L.L.P., 1926 E. Elizabeth, Brownsville, Texas 78520 and by regular mail to Mr. Robert F. Ruckman, Jackson Walker, L.L.P., 901 Main Street, Suite 6000,

Dallas, Texas 75202, and Mr. Joe Valle, Attorney at Law, 1120 East
Tenth Street, Brownsville, Texas 78520, on this the _20th_ day of
_August_, 2001.

RON A. SPRAGUE

w:\wry\saldana\mot.com

-7-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KRISTA SALDANA, INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF | § | |
| THE ESTATE OF DAVID SALDANA | § | |
| AND AS NEXT FRIEND OF JAGGER | § | |
| SALDANA | § | |
| | § | |
| VS. | § | Civil Action No.: B-00-17 |
| | § | |
| ITT INDUSTRIES, SIKORSKY | § | |
| AIRCRAFT CORPORATION, A | § | |
| SUBSIDIARY OF UNITED | § | |
| TECHNOLOGIES CORPORATION, | § | |
| THE ESTATE OF LT. COL. MARC | § | |
| LEE HOHLE AND THE ESTATE OF | § | |
| CAPTAIN MATTHEW BRENT THOMAS | § | |

## CERTIFICATE OF CONFERENCE AS TO
## DEFENDANT ITT INDUSTRIES Inc.'S MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

Telephonic conversations have been made between Plaintiff's counsel and Defendants in an effort to resolve issues of substance regarding the aforementioned Motion.  Additionally, Counsel for the Defendant ITT sent written correspondence, as well as a copy of the  proposed Motion to Compel to Plaintiff's counsel in an effort to resolve issues of contention. However, both parties were unable, subsequent to conferring, consulting, and deliberating, to reach agreement as to Plaintiff's answers to Defendant ITT Industries Inc.'s First Set of Interrogatories; thus, this matter is presented to the Court for determination.

Defendant ITT Industries Inc. respectfully requests an _oral hearing_ with the Court on this issue as soon as possible.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas  78216-5057

Telephone:  (210) 349-0511
Telecopier: (210) 349-2760


By: _____
RON A. SPRAGUE
State Bar No. 18962100
Federal I.D. NO. 151
ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.


## CERTIFICATE OF SERVICE


I hereby certify that a true and correct copy of the above and foregoing pleading has been mailed certified mail, return receipt requested, to Mr. Ray R. Marchan, Harris & Watts, P.C., 1926 E. Elizabeth, Brownsville, Texas 78520; and by regular mail to Mr. Robert F. Ruckman, Jackson Walker L.L.P., 901 Main Street, Suite 6000, Dallas, Texas 75202, and Mr. Joe Valle, Attorney at Law, 1120 East Tenth Street, Brownsville, Texas 78520, on this 20th day of August, 2001.


_____
RON A. SPRAGUE


w:\wry\saldana\cert.conf


−2−