

# Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED

OCT 12 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Roberts   ■ Lehrman |
| DATE | 10 / 12 / 01 |
| TIME | ☐ a.m.  2:30 p.m. — ☐ a.m.  2:47 p.m. |
| CIVIL ACTION | B / 00 / 176 |
| STYLE | Saldana *versus* ITT Industries et al. |

DOCKET ENTRY

(HGT)  ■ Status Conference                              (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):Ray Marchan (for Krista Saldana);

　　Ray Marchan standing in for Joe Valle- (intervenor parents of decedents)

Attorney(s) for Defendant(s):Ron Sprague- (ITT Industries);

　　Robert Ruckman (Sikorsky Aircraft);

☐　Rulings orally rendered on:_____

Preliminary matters:

<u>Scheduling order</u>:  This court erroneously closed the file.  No scheduling order ever sent.  Deposition materials located in part of Pentagon which was destroyed in 9/11/01 attack.  Request bump of 6 months for discovery.

　·　The Court informed the parties that the deadline for dispositive motions needs to be well in advance of trial date.  Court previously bifurcated claims and set date for Deft's responses 12/1/01.  The Court directed the parties to put together proposed scheduling order but wants no dispositive motions on the eve of trial.  Dispositive motions will be due sometime around June 1, 2002.  Plaintiff's Response will be due around July 1, 2002.  Trial will be sometime around November, 2002.  Parties will submit a draft order with these proposed dates immediately.

<u>Motion to Compel</u>: ITT is still pursuing the motion to compel. ITT wants to assert a "Government Contractor Defense": which says that claims being made with regard to a specific part alleged to be defective was manufactured within government specifications. The purpose of discovery is to find out: what part the Plaintiff is saying is defective? The warning system? Design defect? ITT cannot properly defend with by using the "Government Contractor Defense" unless they know which part is being alleged defective. ITT needs to know if it's a warning defect or a design defect being alleged. ITT says that Plaintiff must have a basis for its suit and must tell ITT what it is.

Plaintiff says: Plaintiff's basis for suit comes from a government investigation report which contained an opinion by an investigator that there were inadequate warnings. Also, the warning was a lighted warning, not an oral warning to tell the helicopter operators it was flying too low. Was the lack of auditory warning inadequate? Mr. Marchan ran into weather and attack troubles and was unable to get discovery from Pentagon investigators as he had scheduled. Mr. Marchan says that the defendants are apprised of his general theories, but he cannot say more without some discovery, which he has not been able to get.

**RULING:** Plaintiff does not have very much technical information at this stage. The Court believes that the Plaintiff has a good faith basis for this suit based on the investigator's report, and understands that the Plaintiff cannot be more specific until he has depositions of the government investigator about warnings. The Motion to Compel was filed 8/22/01.

ITT states that Plaintiff has not really outlined theories– and there are different, costly methods of discovery that could be avoided depending what the Plaintiff's theories are. ITT wants clarification of Plaintiff's claims. Are they warnings or design claims? Motion to compel **DENIED**. The Court requires supplementation of answers to interrogatories after preliminary discovery.

Attorneys are to meet with the case manager and submit a scheduling order.