IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern

MAY 0 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA | § § § § § § | |
| VS. | § § § | CIVIL ACTION NO. B-00-176 |
| ITT INDUSTRIES, SIKORSKY AIRCRAFT CORPORATION, A SUBSIDIARY OF UNITED TECHNOLOGIES CORPORATION, THE ESTATE OF LT. COL. MARC LEE HOHLE AND THE ESTATE OF CAPTAIN MATTHEW BRENT THOMAS | § § § § § § § | |

**DEFENDANT ITT INDUSTRIES, INC., NIGHT VISION'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW ITT INDUSTRIES, INC., NIGHT VISION one of the Defendants in the above styled and numbered cause, and respectfully moves this Court for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**PARTIES**

1.  Plaintiff Krista Saldana, Individually and as Representative of the Estate of David Saldana.

2.  Plaintiff Krista Saldana as Next Friend of Jagger Saldana, a minor.

3.  Intervenor, Melquiades Saldana is the surviving father of the Decedent, David Saldana.

4.  Intervenor, Aurelia Saldana is the surviving mother of the Decedent, David Saldana.

5.  Defendants ITT Industries, Inc., Night Vision and

Sikorsky Aircraft Corporation a Subsidiary of United Technologies Corporation.

**ALLEGATIONS AGAINST MOVANT**

6.  This is a product liability and negligence action. On or about April 19, 1999, Lance Corporal David Saldana, United States Marine Corps, was a crew member of a CH-53E helicopter conducting Night Vision Goggle training maneuvers near Okinawa, Japan. While conducting aerial maneuvers, the military aircraft (helicopter) crashed into the sea. All souls on board, to include Cpl. Saldana were lost. Plaintiff's causes of action sound in negligence, strict product liability, breach of implied warranties, failure to warn, defective design, breach of express warranty, and gross negligence. Plaintiff alleges that the Movant failed to warn "the United States Government and its foreseeable users of the Night Vision Goggles that they would fail in transitioning from a high light area/high cultural lighting/visible lighting/visible horizon to one of no light/no horizon." While Plaintiff has alleged the aforementioned improprieties caused the mishap in question and the resulting loss of life, Plaintiff has identified absolutely no defect or cause of that occurrence, nor has the Plaintiff produced even a scintilla of evidence supporting the alleged issue of causation.

**RIGHT TO SUMMARY JUDGMENT**

7.  Movant is entitled to Summary Judgment in this case because the pleadings on file, the facts produced by way of discovery, Affidavits attached to this Motion, the United States Marine Corps JAGMAN Report (Command Investigation), the Marine

Aviation Weapons and Tactics Squadron-1 (MAWTS-1) and the Night Vision Goggle Operators/Technical Manual all demonstrate there are no genuine issues of material fact relevant to this Motion. On this record the Movant is entitled to Summary Judgment as a matter of law because all of Plaintiff's causes of action are defeated by the Government Contractor Defense.

## SUMMARY JUDGMENT EVIDENCE

8. The Summary Judgment evidence upon which this case can be decided pursuant to this Motion is as follows:

    A. Pleadings, Motions and exhibits on file;

    B. The Exhibits to this Motion which include:

        1. Affidavit of Glen Lewis Nowak, attached as Exhibit "A", hereafter "Nowak Affidavit";

        2. Affidavit of Philip B. Reeder, attached as Exhibit "B", hereafter "Reeder Affidavit";

        3. Affidavit of Francis O. Bell, attached as Exhibit "C", hereafter "Bell Affidavit";

        4. Deposition excerpts of LtCol David W. Samples(USMC), attached as Exhibit "D", hereafter "Samples Deposition";

        5. Deposition excerpts of Major Matthew J. Paul (USMC), attached as Exhibit "E", hereafter "Paul Deposition";

        6. Deposition excerpts of Glen Lewis Nowak attached as Exhibit "F", hereafter "Nowak Deposition";

        7. NAVY NAVAIR 16-35AVS-7 OPERATOR'S/TECHNICAL MANUAL, Aviator's Night Vision Imaging System (ANVIS), attached as Exhibit "G", hereafter TM;

      8.    Marine Aviation Weapons and Tactics Squadron-1 MAWTS-1 Helicopter Night Vision Device (NVD) Manual: 5th Edition, attached as Exhibit "H", hereafter "MAWTS-1";

      9.    United States Marine Corps JAGMAN Report, JAGMAN Report Excerpts, attached hereto as Exhibit "I", hereafter "JAGMAN".

Said Exhibits are incorporated herein by reference as if restated verbatim.

### FACTUAL BACKGROUND

10. The ANVIS-6 Night Vision Goggle (hereafter ANVIS-6) in question is a self-contained night vision device that enables improved night vision using ambient light from the night sky (moon, stars, skyglow, etc.)(TM pg.1-1). The United States Government's General Requirements under Contract Number DAAB07-93-C-K005 for the ANVIS-6 are: "Image Intensifier Systems for use with military helicopters as a pilot's aid to vision during the night time low level or nap of the earth (NOE) flight. The ANVIS shall provide the imagery required for take off, landing, and hover as well as enroute flight at below 200 feet above ground level, to include NOE at air speeds up to 150 knots " (Bell Aff. Exhibit C, pg.3). The goggles weigh 19.4 ounces and mount onto the aviators flight helmet (TM pg.1-22).

11. Cpl. Saldana was on active duty in the United States Marine Corps (USMC) in April, 1999, stationed in Okinawa, Japan. The mishap made the basis of this case occurred while Cpl Saldana and the other crew members of a CH-53E aircraft (call sign TIGER 07, hereinafter referred to as the Mishap aircraft) were on active duty

and thus the mishap in question was investigated by the United States Marine Corps and a JAGMAN Report (Command Investigation) was released by LtCol David W. Samples, the investigating officer. According to the Findings of Fact of that report, attached hereto as Exhibit I (Exhibit I was properly identified as the JAGMAN Report at the deposition of LtCol David W. Samples): The mishap in question occurred while two (2) CH-53E helicopters were conducting a training scenario for the simulated recovery mission of a downed pilot evading enemy forces. The flight of two (2) CH-53E's proceeded from Marine Corp Air Station Futenma via an approved Night Vision Goggle route and landed to pick up notional security forces. The flight of 2 CH-53E's then proceeded along an NVG route to the north to a site of the downed pilot. The flight of two then proceeded south along the eastern side of the island. While proceeding south, a discussion arose between the Night Instructor Pilots (one night instructor in each aircraft), LtCol Hohle in the mishap aircraft and then Capt Paul in the lead aircraft (now Major Paul), regarding the deterioration of the weather. The two Instructors determined that they would turn back to the north via a tactical lead change. At that time, the trail aircraft (Mishap Aircraft) crewed by LtCol Hohle and Capt Thomas initiated a left turn away from the coast. After TIGER 7 turned past the 6'oclock position of Capt Paul's aircraft a bright flash was noted by Capt Paul and his crew. The mishap aircraft impacted the water and all crew members of the aircraft were killed. The United States Marine Corps JAGMAN Report, conducted by LtCol David W. Samples (USMC), and

based upon the findings of fact and opinions stated that: "... destruction of Marine Heavy Helicopter Squadron 361's CH-53E aircraft BUNO 162007 and the deaths of Lieutenant Colonel Marc L. Hohle, Captain Matthew B. Thomas, Sergeant Obdulio R. Munoz III, and Corporal David Saldana were the result of aircrew error (JAGMAN pg.24 [FoF 1-178]).

12. The Aviator's Night Vison Imaging System (ANVIS) AN/AVS-6(V)1 are built in accordance with the design specifications provided, approved and required by the United States Government in the Contract (No.: DAAB07-93-C-K005).

13. At the time of the mishap in question, the United States Military had over eighteen (18) years experience with Night Vision Goggles. There were no risks inherent in the design of the ANVIS-6 (NVG) known to ITT Industries Inc., Night Vision, but not to the United States Government.

### GOVERNMENT CONTRACTOR DEFENSE

14. On these facts, as supported by the Summary Judgment evidence presented herewith, the applicability of the Government Contractor Defense is incontrovertible. Therefore, Movant is entitled to immunity from civil liability in this case pursuant to the Government Contractor Defense as set forth in Boyle v. United Technologies Corp., 487 U.S. 500, 108 S.Ct. 2510 (1988) and the plethora of its progeny.

15. There are no genuine issues of a material fact concerning the elements of the Government Contractor Defense. The precise specifications for the ANVIS-6 Night Vision Goggles were provided

Case 1:00-cv-00176    Document 41    Filed in TXSD on 05/01/2002    Page 7 of 8

by the United States Government. The United States Government designed, developed and tested the ANVIS-6. The ANVIS-6 were manufactured in strict compliance with those specifications, as attested to by Government Inspectors. Finally, the Government's extensive history of testing and use of the ANVIS-6, to include the close working relationship between the U.S. Army, Navy, Air Force, Marines, CECOM, and this Defendant, amply demonstrates that there were no dangers in the use of the ANVIS-6 known to Movants but not to the Government.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this court grant, in all things, this Motion for Summary Judgment, dismiss Plaintiff's claims with prejudice and order Movants released without delay and with their costs.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5057
Telephone: (210) 349-0511
Telecopier: (210) 349-0760

By: _____
RON A. SPRAGUE
State Bar No. 18962100
Fed. I.D. 151
ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing pleading was mailed, certified mail, return receipt requested, to Mr. Ray Marchan, Watts & Heard, L.L.P., 1926 E. Elizabeth, Brownsville, Texas 78520 and by regular mail to Mr. Robert F. Ruckman, Jackson Walker, L.L.P., 901 Main Street, Suite 6000, Dallas, Texas 75202, and Mr. Joe Valle, Attorney at Law, 1120 East Tenth Street, Brownsville, Texas 78520, on this the 24th day of APRIL, 2002.

_____
RON A. SPRAGUE

w:\wry\saldana\MSJ