IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KRISTA SALDANA, Individually and as Representative of the ESTATE OF DAVID SALDANA and as Next Friend of JAGGER SALDANA | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MELQUIADES SALDANA and AURELIA SALDANA, | § § § § | |
| Intervenors, | § § § | Civil Action No. B-00-176 |
| v. | § § | |
| ITT INDUSTRIES, SIKORSKY AIRCRAFT CORPORATION, a Subsidiary of UNITED TECHNOLOGIES CORPORATION, the ESTATE OF LT. COL. MARC LEE HOHLE and the ESTATE OF CAPTAIN MATTHEW BRENT THOMAS, | § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT SIKORSKY AIRCRAFT CORPORATION'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

TO THE HONORABLE HILDA G. TAGLE, UNITED STATES DISTRICT JUDGE:

COMES NOW Sikorsky Aircraft Corporation, a subsidiary of United Technologies Corporation ("Sikorsky"), one of the Defendants in the above-styled and numbered cause, and, pursuant to FED. R. CIV. P. 56, files this its Motion for Summary Judgment and would respectfully show the Court the following:

**I.**

Sikorsky hereby moves the Court for final summary judgment on all of the claims asserted by Plaintiff and Intervenors on the basis that such causes of action are barred by the government contractor defense, as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 503-04, 108 S.Ct. 2510, 2518 (1988) and for the further reason that the only component identified in the report of Plaintiff's and Intervenors' expert as being defective, i.e., the radar altimeter, was not provided to the United States military by Sikorsky.

**II.**

This Motion for Summary Judgment is supported by Exhibits "A" through "M," contained in the Appendix filed in support of this Motion and incorporated herein by reference for all purposes. These exhibits establish the following undisputed material facts:

A. The CH-53E helicopter in question meets all requirements of the government contractor defense in that:

1. The United States approved reasonably precise specifications for the CH-53E helicopter;

2. The CH-53E helicopter conformed to those specifications; and

3. Sikorsky warned the United States government about any dangers in the use of the CH-53E helicopter that were known to Sikorsky but not known to the United States government.

B. Further, with respect to Plaintiff's allegations that Sikorsky failed to give proper warnings and/or defectively designed the CH-53E helicopter for night vision goggles use, it is undisputed that the military Detail Specification for the CH-53E helicopter, which was delivered and accepted by the United States military in

1984, did not require the helicopter to be compatible for use with night vision goggles and that subsequent to the acquisition of the helicopter by the United States military, the United States military undertook to modify the helicopters for use with night vision goggles. Further, Sikorsky did not design, manufacture or sell the night vision goggles, which were obtained by the United States military from a third-party vendor, ITT Industries.

C. Sikorsky did not design, manufacture or sell the component identified by Plaintiff's and Intervenors' expert to be defective. In his report, Plaintiff's and Intervenors' expert, Edward Monhollen, states:

> Opinion: That the "Low" warning light on the radar altimeter is inadequate to alert NVG pilots to the fact that they are descending below their selected altitude. The manufacturer should have incorporated an aural warning at the same time NVG cockpit compatible lighting was installed.

*See* Plaintiffs' and Intervenors' Initial Designation of Experts, Report of Findings and Opinions of Edward Monhollen & Associates, Section H, No. 2.

1. The radar altimeter, including its warning light, was not designed, manufactured or sold by Sikorsky; rather, such radar altimeters were government furnished equipment ("GFE") designed and manufactured by a third-party vendor chosen by the United States government and were installed in the subject helicopter at the direction of the United States government. Sikorsky had no control over the type of radar altimeters to be installed or its features.

2. Further, the evidence clearly establishes that the United States military had determined well before this accident, which occurred in April 1999, that a

device which provided an audible warning of close proximity to the ground should be installed in their fleet of helicopters, including the CH-53E, but failed to implement such change until subsequent to the accident in question. The military has exclusive control over the configuration and operation of their helicopters and Sikorsky, as contractor, had no authority to make such a change.

Accordingly, these undisputed facts establish as a matter of law that the helicopter in question meets the three-prong test set forth in *Boyle v. United Technologies Corp.*, and furthermore, that the component which Plaintiff's and Intervenors' expert identified as defective was not provided by Sikorsky to the United States government.

### III.

Sikorsky also incorporates by reference its Brief in Support of its Motion for Summary Judgment filed contemporaneously with this Motion.

WHEREFORE, Defendant Sikorsky Aircraft Corporation respectfully prays that its Motion for Summary Judgment be granted, and that Sikorsky be granted such other and further relief, at law or in equity, as the Court may deem appropriate.

Respectfully submitted,

By: /s/ Robert F. Ruckman
ROBERT F. RUCKMAN
Attorney-in-Charge
State Bar No. 17367000
Southern District Bar No. 12018

STUART B. BROWN, JR.
Of Counsel
State Bar No. 24006914
Southern District Bar No. 23545

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:   (214) 953-6000
Telecopy:   (214) 953-5822

ATTORNEYS FOR DEFENDANT SIKORSKY
AIRCRAFT CORPORATION, A SUBSIDIARY OF
UNITED TECHNOLOGIES CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2002, a true and correct copy of the above and foregoing document was served on all counsel of record:

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Ray R. Marchan
WATTS & HEARD, P.C.
1926 E. Elizabeth
Brownsville, Texas 78520
**ATTORNEY FOR PLAINTIFF**

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Joe Valle
Attorney at Law
1120 East 10th Street
Brownsville, Texas 78520
**ATTORNEY FOR INTERVENORS**

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Ron A. Sprague
GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, TX 78216-5057
**ATTORNEY FOR ITT INDUSTRIES, INC.**

_____
Robert F. Ruckman