IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 13 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| KRISTA SALDANA, INDIVIDUALLY § <br> AND AS REPRESENTATIVE OF § <br> THE ESTATE OF DAVID SALDANA § <br> AND AS NEXT FRIEND OF JAGGER § <br> SALDANA § <br> § <br> VS. § <br> § <br> ITT INDUSTRIES, SIKORSKY § <br> AIRCRAFT CORPORATION, A § <br> SUBSIDIARY OF UNITED § <br> TECHNOLOGIES CORPORATION, § <br> THE ESTATE OF LT. COL. MARC § <br> LEE HOHLE AND THE ESTATE OF § <br> CAPTAIN MATTHEW BRENT THOMAS § | CIVIL ACTION NO. B-00-176 |

**UNOPPOSED MOTION TO SEVER
DEFENDANT ITT INDUSTRIES, INC., NIGHT VISION**

COMES NOW Defendant ITT INDUSTRIES, INC., NIGHT VISION, and files this Unopposed Motion to Sever pursuant to Federal Rule of Civil Procedure 21. In support thereof, the Defendant, ITT INDUSTRIES, INC., NIGHT VISION, would respectfully show this Court as follows:

1. This Honorable Court granted Defendant ITT INDUSTRIES, INC., NIGHT VISION's Motion for Summary Judgment on July 18, 2002 [See Exhibit "A"][Dkt. No. 50].

2. Pursuant to FRCP 21 a party may be dropped/severed by order of the court on motion when such terms are just.

3. In order that this Honorable Court's prior Judgment in favor of the Defendant, ITT INDUSTRIES, INC., NIGHT VISION, may

become final, this Defendant respectfully moves this Court to sever ITT INDUSTRIES, INC., NIGHT VISION.

WHEREFORE, PREMISES CONSIDERED, Movant respectfully prays that the Unopposed Motion to Sever ITT INDUSTRIES, INC., NIGHT VISION be, in all things, granted and entered by this Court.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5057
Telephone: (210) 349-0511
Telecopier: (210) 349-2760

By: _____
RON A. SPRAGUE
State Bar No. 18982200

ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.

APPROVED:

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas 78520
Telephone: (956) 546-0333
Telecopier: (956) 541-0255

By: _____See Attached_____
RAY R. MARCHAND
State Bar No. 12969050

ATTORNEYS FOR PLAINTIFFS

become final, this Defendant respectfully moves this Court to sever ITT INDUSTRIES, INC., NIGHT VISION.

WHEREFORE, PREMISES CONSIDERED, Movant respectfully prays that the Unopposed Motion to Sever ITT INDUSTRIES, INC., NIGHT VISION be, in all things, granted and entered by this Court.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas  78216-5057
Telephone:  (210) 349-0511
Telecopier: (210) 349-2760


By: _____
RON A. SPRAGUE
State Bar No. 18962100

ATTORNEYS FOR DEFENDANT
ITT INDUSTRIES, INC.

APPROVED:

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas 78520
Telephone:  (956) 546-0333
Telecopier: (956) 541-0255

By: *[signature]*
RAY R. MARCHAND
State Bar No. 12969050

ATTORNEYS FOR PLAINTIFFS

-2-

Joe Valle
Attorney at Law
1120 East Tenth Street
Brownsville, Texas 78520
Telephone: (956) 546-3829
Telecopier: (956) 542-4084

By: _____
JOE VALLE
State Bar No. 20435450

ATTORNEY FOR INTERVENORS

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6024
Telecopier: (214) 953-5822

By: _____See Attached_____
ROBERT F. RUCKMAN
State Bar No. 17367000

ATTORNEYS FOR DEFENDANT SIKORSKY
AIRCRAFT CORP., SUBSIDIARY OF
UNITED TECHNOLOGIES CORP.

g:\wry\saldana\mot.sever

-3-

Joe Valle
Attorney at Law
1120 East Tenth Street
Brownsville, Texas 78520
Telephone: (956) 546-2629
Telecopier:(956) 542-4084

By: _____See Attached_____
    JOE VALLE
    State Bar No. 20435450

ATTORNEY FOR INTERVENORS


JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:  (214) 953-6024
Telecopier: (214) 953-5822

By: _____
    ROBERT F. RUCKMAN
    State Bar No. 17367000

ATTORNEYS FOR DEFENDANT SIKORSKY
AIRCRAFT CORP., SUBSIDIARY OF
UNITED TECHNOLOGIES CORP.


g:\wry\saldana\mot_sever

-3-



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Krista Saldana, individually and as representative of the estate of David Saldana and as next friend of Jagger Saldana, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-00-176 |
| ITT Industries, et al., | § § | |
| Defendants. | § § | |

**ORDER**

BE IT REMEMBERED, that on July 18, 2002 the Court **GRANTED** the Motion for Summary Judgment of Defendant ITT Industries, Inc., Night Vision [Dkt. No. 42].

This case arises out of an incident involving a helicopter which crashed into the Pacific Ocean near Okinawa, Japan, in April 1999. The crash occurred during a United States Marine Corps training exercise using the Aviator's Night Vision Imaging System Night Vision Goggles ("ANVIS"). Everyone on board, including decedent Corporal David Saldana, was lost in the crash.

Plaintiffs, Krista Saldana, individually, and as representative of the estate of David Saldana and as next friend of Jagger Saldana, alleged strict liability, negligence, breach of express warranty and implied warranties, failure to warn, defective design, and gross negligence. Defendant ITT has moved for summary judgment in its favor based on an affirmative defense. Plaintiffs have not responded to Defendant ITT's motion.

1.   Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

1



that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Hunt v. Cromartie, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings and discovery documents which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999). If the moving party meets this burden, the non-movant then must designate specific facts showing there is a genuine issue for trial to survive summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

2.   The Government Contractor Defense

Defendant ITT, the manufacturer of ANVIS, has asserted the "Government Contractor" defense. See Boyle v. United Technologies Corp., 487 U.S. 500 (1988) ("Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.") Boyle, 487 U.S. at 512. Where a government contractor establishes the first two elements of the defense, any state law potentially imposing liability is displaced.[1]

---

[1]   The Boyle Court was concerned with "significant conflict" between federal interests and state law in the context of Government procurement. See Boyle, 487 U.S. at 511.

In the [Federal Tort Claims Act], Congress authorized damages to be recovered against the United States for harm caused by the negligent or wrongful conduct of government employees, to the extent that a private person would be liable under the law of the place where the conduct occurred. 28 U.S.C. § 1346 (b). It excepted from this consent to suit, however, "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) . . . .
We think that the selection of the appropriate design for military equipment to be used by our Armed Forces is assuredly a discretionary function within the meaning of this provision.

2

A. The United States approved reasonably precise specifications

The ANVIS was procured by the United States Government pursuant to a contract which prescribes exact design specifications, including detailed specifications for the light level requirements [Dkt. No. 42 Ex. A at 2-3; Ex. C at 4; Ex. F. at 12, 62]. Significantly, the contract did not call for any designing to be done by ITT. The government provided ITT with drawings and specifications, and directed ITT to manufacture the product exactly as specified. [Dkt. No. 42 Ex. F. at 62] ("[W]e told them what we wanted and we handed them the drawings, and we said, make it to this [specification]"). The evidence in the summary judgment record shows that the United States, through the contract and its officials, not only approved but actually dictated the design of the ANVIS [Dkt. No. 42 Ex. A].

B. The equipment conformed to the specifications approved by the United States

There is no evidence in the summary judgment record indicating that the goggles were not manufactured according to specification. However, there is ample evidence to the contrary [Dkt. No. 42 Ex. D at 88; Ex. F at 14]. The second Boyle prong is therefore satisfied.

C. The supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

There is no evidence in the summary judgment record that the manufacturer had any knowledge of any risk associated with the design that the United States did not have. The operator's manual contains extensive warnings which are featured prominently at the very front of the document [Dkt. No. 41 Ex. G at a-d]. The investigation into the incident determined that air crew error, not design or manufacturing defect, was the cause [Dkt. No. 41 Ex. D at 20].

---

Boyle, 487 U.S. at 511.

The Court ultimately concluded that "we are of the view that state law which holds Government contractors liable for design defects in military equipment does in some circumstances present a 'significant conflict' with federal policy and must be displaced." Boyle, 487 U.S. at 512.

3

### 3. Conclusion

Defendant ITT has met its burden of showing that no issue of material fact remains which would warrant a trial against it. Summary Judgment for Defendant ITT is therefore **GRANTED**.

DONE at Brownsville, Texas, this 18 day of July 2002.

Hilda G. Tagle
United States District Judge