56

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 23 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KRISTA SALDANA, INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF | § | |
| THE ESTATE OF DAVID SALDANA | § | |
| AND AS NEXT FRIEND OF JAGGER | § | |
| SALDANA | § | |
| PLAINTIFFS | § | |
| | § | |
| | § | CIVIL ACTION NO. B-00-176 |
| | § | |
| ITT INDUSTRIES, INC., SIKORSKY | § | |
| AIRCRAFT CORPORATION, A | § | |
| SUBSIDIARY OF UNITED | § | |
| TECHNOLOGIES CORPORATION, | § | |
| THE ESTATE OF LT. COL. MARC | § | |
| LEE HOHLE AND THE ESTATE OF | § | |
| CAPTAIN MATTHEW BRENT THOMAS | § | |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFFS' PROPOSED INITIAL PRETRIAL ORDER

1. **APPEARANCE OF COUNSEL**

   a. Plaintiffs

   Krista Saldana, Individually and as
   Representative of the Estate of David Saldana
   and as next friend of Jagger Saldana

   b. **Attorneys for Plaintiffs**

   Mr. Ray R. Marchan and Mikal C. Watts
   Attorneys in Charge
   WATTS LAW FIRM, L.L.P.
   1926 E. Elizabeth
   Brownsville, Texas 78520
   (956) 544-0500 - telephone
   (956) 541-0255 - Fax

c.  **Defendants**

Sikorsky Aircraft Corporation
6900 Main Street Mail Stop: S334A
Stratford, Connecticut   06601-1382

United Technologies Corporation (parent of Sikorsky Aircraft Corporation)
1 Financial Plaza
Hartford, Connecticut   06103

d.  **Attorneys for Defendants**

Mr. Robert F. Ruckman
State Bar No. 17367000
James L. Walker
JACKSON WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas   75202
(214) 953-6000
(214) 953-5822   FAX
Attorneys for Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation

2.  **STATEMENT OF THE CASE**

On or about April 19, 1999, David Saldana was a crew member on a military helicopter that crashed at sea near Okinawa, Japan.  The pilots Lt. Col. Johle and Captain Thomas of the helicopter was using the ITT Night Vision Goggle System, and while using the Night Vision Goggle System for the purpose and in the manner in which it was intended to be used, suddenly and without warning it failed to provide clear vision to the pilot who was operating the helicopter when transitioning from a high light area/high cultural lighting/visible lighting/visible horizon to one of no light/no horizon, thereby causing the

helicopter, manufactured by defendant Sikorsky, to crash into the sea causing the death of David Saldana, as hereinafter described.

The Plaintiffs additionally herein allege that the above described acts were also intentional, fraudulent, and committed with malice by the Defendant **ITT and Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation.**

Defendants act or omission which caused substantial injury/or death to the Plaintiffs when viewed objectively from the standpoint of the Defendant at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the Defendant had actual, awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiffs.

Plaintiffs seek pre-judgment interest on any money damages awarded to them, either in general damages or special damages plead herein, including, but not limited to, general damages, punitive damages, and reasonable attorney's fees.

3. **JURISDICTION.**

All parties agree that this court has jurisdiction by reason of diversity.

4. **MOTIONS**

There are motions pending before this Honorable court.

5. **CONTENTIONS OF THE PARTIES**

A. <u>Plaintiffs' Contentions</u>

Plaintiffs contend that the malfunction, the failure to have proper warnings and/or the defective design of the CH53E Helicopter was proximately caused by the negligence of Defendant **Sikorsky Aircraft Corporation a**

**subsidiary of United Technologies Corporation**, their agents, servants and/or employees in:

1. In failing to warn the United States Government and its foreseeable users that the use of Night Vision Goggles would interfere with helicopter operators perceptions of low level/low altitude visual warning devices when transitioning from a high light area/high cultural lighting/visible lighting/visible horizon to one of no light/no horizon.

2. In failing to warn that the transition from high light area/high cultural lighting/visible lighting/visible horizon to no light/no horizon conditions would cause temporary inability to see to such an extent that visual warning devices could not be detected in order to avoid injury and/or death.

3. All of which Defendant, **Sikorsky Aircraft Corporation, A subsidiary of United Technologies Corporation** knew, or in the exercise of ordinary care, should have known.

4. At all relevant times the CH53E Helicopter and its component parts including its warnings were essentially in the same condition or in reasonably foreseeable conditions when they were placed into the stream of commerce to be purchased by the people of the United States of America and for use by the United States of America's military personnel.

5. Plaintiffs, Krista Saldana, Individually and as Representative of the Estate of David Saldana and as next Friend of Jagger Saldana, Melquiades Saldana and Aurelia B. Saldana would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of Defendant's **Sikorsky Aircraft Corporation a subsidiary of United Technologies Corporation** negligence in one or more of the following respects, or by combination thereof.

6. In failing to properly warn the United States Government and its foreseeable users about the use of said Night Vision Goggle Systems and its attendant equipment upon users' ability to perceive low level/low altitude visual warning devices when transitioning from a high light area/high cultural lightning/visible lighting/visible horizon to one of no light/no horizon;

7. In failing to warn that the transition from high light area/high cultural lighting/visible lighting/visible horizon to no light/no horizon conditions would cause temporary inability to see to such an extent that visual warning devices could not be detected in order to avoid injury and/or death.

8. Defendant **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION,** owed a duty to design, manufacture, distribute, sell, inspect, and provide adequate instructions and warnings for the Night Vision Goggle System and its components, so as not to cause injury or death to those who use such night vision goggle system including **Krista Saldana, Individually and as Representative of the Estate of Representative of The Estate of David Saldana and as next Friend of Jagger Saldana.** Defendant **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** violated their duty when they designed, manufactured, distributed, sold, failed to inspect and failed to provide adequate instructions and warnings and/or sold the defective CH53E Helicopter and its components to the people of the United States including Plaintiffs herein. It was foreseeable that **Krista Saldana, Individually and as Representative of the Estate of Representative of The Estate of David Saldana and as next Friend of Jagger Saldana** could have been injured, suffered damages or killed as a result of the acts or omissions to act of defendant **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** because of

defendants' special knowledge of the product and its component parts. As a result of the acts and/or omissions of defendants in designing, manufacturing, distributing, selling, inspecting, and providing inadequate instructions and warnings, **Krista Saldana, Individually and as Representative of the Estate of Representative of The Estate of David Saldana and as next Friend of Jagger Saldana** suffered injuries, damages and death as more fully set forth hereinafter, and said acts or omissions were the actual and proximate cause of **Krista Saldana, Individually and as Representative of the Estate of Representative of The Estate of David Saldana and as next Friend of Jagger Saldana** their injuries, damages and/or deaths. Defendants' **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** impliedly and expressly guaranteed that the CH53E Helicopter and its component parts had been so designed, constructed, inspected and serviced that it would perform the actual service for which it was designed and was of such quality that it would not fail under normal circumstances and cause injuries, damages or death. These warranties were breached by the defendant **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** and each of them. Through said defendants' **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** advertising programs in which it solicited the government to purchase the CH53E Helicopter and its component parts, which they either designed, manufactured, distributed, sold, and inspected said defendants warranted and guaranteed that said CH53E Helicopter and its component parts had either been properly constructed, or suitable for its purpose and safe to use. **Krista Saldana, Individually and as Representative of the Estate of Representative of The Estate of David Saldana and as next Friend of Jagger Saldana,** as foreseeable

users, relied upon said defendants' warranties and guarantees. Said defendants breached said warranties by designing, manufacturing, distributing, selling, failing to inspect and failing to provide adequate instructions and warnings for such defective and unsafe Night Vision Goggle Systems and its component systems as hereinafter described.

9. Additionally, Plaintiffs say that defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** is guilty of negligence, negligence *per se*, gross negligence and/or malice in the designing, testing, distributing, manufacturing, and selling of the CH53E Helicopter and its component systems in question including but not limited to:

1. In failing to warn of the defect or defects described above;

2. In committing errors during the design phase of the warnings or parameters of use;

3. In failing to install adequate safety warning devices and/or advises;

4. In using and installing safety warning devices which failed in use;

5. In failing to make adequate safety tests or checks after manufacture and/or prior to sale of the warnings;

6. In using unsafe or unsuitable materials in manufacture and/or warnings;

7. In failing to plan and test foreseeable uses including use of provided warnings;

8. In adding unnecessary matters to the warnings;

9. In failing to keep abreast of scientific knowledge;

10. In failing to measure up to, or meet accepted industry standards;

11. In failing to do adequate research as to proper parameters of use or warnings;

12. In failing to adopt safe warning designs to carry out the intended use;

13. In failing to adopt safe designs to carry out reasonable inspection of the adequacy of the warnings and parameters of use of the Night Vision Goggle Systems,

14. In failing to provide for plaintiffs' safety under the circumstances.

10. Plaintiffs' **Krista Saldana, Individually and as Representative of the Estate of Representative of The Estate of David Saldana and as next Friend of Jagger Saldana** further invoke the doctrine of res ipsa loquitur as the characteristic of this aviation disaster is such that it would not ordinarily happen in the absence of negligence of **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** and the CH53E Helicopter and its warnings, or lack thereof, causing the collision was under the management and control of **SIKOSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** at the time the negligence probably occurred.

11. Plaintiffs say further that the design defect was known to defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** and the said defendants are guilty of negligence, negligence per se, gross negligence and/or malice in failing to adequately warn the plaintiffs and others of the probable danger posed by the threat of the failure of the CH53-E helicopter and its warnings and parameters

of user information, its component parts and systems which would likely result in serious bodily injuries or even death. Defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** failed to give, place or caused to be placed an adequate warning of any kind on about said Night Vision Goggle Systems and its component parts systems which would have alerted plaintiffs and others of the extent of danger of the Night Vision Goggle Systems when used in conjunction with the CH53-E Helicopter. It was readily foreseeable that persons using the Night Vision Goggle Systems and its component systems would be using Night Vision Goggle Systems while in aviation. This failure to warn the plaintiffs was a producing cause of the injuries, damages, and even death to the plaintiffs herein. The total want of care and the utter disregard of duty while the defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** knew or should have known of the unsafe condition of the Night Vision Goggle Systems and its component systems while in use with the CH53-E helicopter exhibit and reflect a total want of care and conscious and wilful indifference to the life and safety of plaintiffs and other similarly situated.

12. Plaintiffs say further that the CH53-E when used with the Night Vision Goggle Systems and its component systems were defectively designed in that there were no instructions, inadequate instructions, regarding the deficiencies in transitioning from a high light area/high cultural lighting/high visible lighting to one of the no light/no horizon and the effect thereof causing an inability to see visual warning devices that protected persons from injury and death.

13. The total want of care and the utter disregard of duty, while the defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED**

**TECHNOLOGIES CORPORATION** knew or should have known of the unsafe condition of the Night Vision Goggle Systems and its component systems during use exhibits and reflects a total want of care and conscious disregard and indifference to the life and safety of plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA** and other persons similarly situated.

14. At the time it was manufactured, distributed, sold, provided and inspected and at all times thereafter, the Night Vision Goggle Systems and its component systems were not as warranted but rather were defective such that they were not fit for the purpose it which it was to be used, they would not pass without objection in the trade and they were not free from defects as to its parameters of operation and proper warnings of use. As a result of Defendants' **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** breach of warranties, plaintiffs bring this cause of action pursuant to §17.50 and all relevant provisions of the Deceptive Trade Practices Consumer Protection Act, under the provisions of Title 1, Chapter 2 of the Business and Commerce Code and the under the common law rules of warranty.

15. The defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** are strictly liable pursuant to §402a and §402b of the Restatement of Torts 2nd, as adopted by the Texas Supreme Court, as well as, the Texas Wrongful Death Act and the Texas Survival Statute.

16. The nature scope and extent of the operation of defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** and other manufacturers, distributors,

inspectors, and sellers, similarly situated requires a significant award of punitive damages if said defendants **SIKORSKY AIRCRAFT CORPORATION a subsidiary of UNITED TECHNOLOGIES CORPORATION** and other similar entities are to take heed and be influenced by said award, to conduct their business and to prevent injury and death from the use of the Night Vision Goggle Systems with CH53-E and their component systems with due regard and concern for those persons similarly situated who might be using the Night Vision Goggle Systems and their component systems.

17. Additionally, Plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA § AND AS NEXT FRIEND OF JAGGER SALDANA** have suffered pecuniary losses including the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that they would, in reasonable probability, have received from their father, husband and/or son had he lived.

18. At all times material hereto, all of the agents, servants, and/or employees for Defendants, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendants, are further liable for the negligent acts and omissions of their employees under the doctrine of <u>Respondeat Superior</u>.

19. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Krista Saldana, Individually and as Representative of the Estate of David Saldana has incurred the following damages;

    1. Mental anguish in the past;
    2. Mental anguish in the future;

      3.    Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services and/or physical relations;

      4.    Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations.

19.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Krista Saldana as next friend of Jagger Saldana has incurred the following damages:

      1.    Mental anguish in the past;

      2.    Mental anguish in the future;

      3.    Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

      4.    Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love.

20.    At the time of the decedent's wrongful death, the decedent was survived by his wife, Krista Saldana, Individually and as Representative of the Estate of David Saldana and as next friend of Jagger Saldana the persons entitled to recover damages in this action. At such time the decedent was in a reasonably good health with a normal life expectancy.

21.    Additionally, Plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA** seek nonpecuniary damages from the Defendants for their loss of companionship and society as a result of the untimely death of their father and husband David Saldana. This element of

damages includes the love, comfort, companionship and society of the decedent, **DAVID SALDANA**.

22. **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA** also seek from defendants damages for their mental anguish that is, emotional pain, torment and suffering experienced because of their family member's death. Plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA** seek damages for their loss of inheritance, that is, the loss of the present value of the assets, in excess of family living expenses that the decedent, **DAVID SALDANA** would, in reasonably probability would have added to their estates and that, in reasonable probability, would have been inherited by the Plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA,** at the end of the Decedent **DAVID SALDANA'S**, natural life. By reason of the foregoing, Plaintiffs **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA** have been damaged by the Defendant in an amount in excess of the minimum jurisdictional limits of this court. Plaintiff **KRISTA SALDANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID SALDANA AND AS NEXT FRIEND OF JAGGER SALDANA** also seek punitive damages from the defendant.

23. Plaintiffs would show that by reason of the injuries sustained as above alleged, **DAVID SALDANA suffered** serious and painful injuries to his body. **DAVID SALDANA** was 27 years old at the time of the occurrence in question. He was in good health with a reasonable life expectancy of 47.3

according to the U.S. Life Tables of 1988. During his lifetime, he had been energetic, helpful, and a good father, husband and son. He performed numerous and usual tasks in and about the family residence and gave and received, comfort, companionship and society. In all reasonable probability, he would have continued to do so, had it not been for his injuries and death as a result of the Night Vision Goggle Systems.

  24. Additionally the **Estate of DAVID SALDANA** also seeks the reasonable and necessary funeral and burial expenses.

B. <u>Sikorsky Aircraft Corporation, a Subsidiary of United Technologies Corporation:</u>

  Plaintiff anticipates that defendant will contest most, if not all, of plaintiffs' contentions.

6. **ADMISSIONS OF FACTS**
  A. That David Saldana died on April 19, 1999
  B. On or about April 19, 1999, David Saldana was a crew member on a military helicopter that crashed at sea near Okinawa, Japan.

7. **CONTESTED ISSUES OF FACT**
  Plaintiff anticipates that defendant will contest most, if not all, of plaintiffs' contentions.

8. **AGREED PROPOSITIONS OF LAW**
  A. This court has original jurisdiction under 28 U.S.C. 1332(a) in that this is a civil action between the citizen of a foreign state and of different

states and the matter in controversy exceeds seventy five thousand dollars, exclusive of costs and interest.

 B. The defendants are subject to the personal jurisdiction of this Court.

 C. That liability and damages claims of this case are governed by the substantive law of Texas and of the United States.

## 9. CONTESTED PROPOSITION OF LAW

 A. Whether the Defendants violated tort law duties to the plaintiffs.

 B. Whether plaintiffs are entitled to punitive or exemplary damages in contravention to the U.S. and Texas Constitutions.

 C. Plaintiffs, Krista Saldana, Individually and as Representative of the Estate of David Saldana and as next friend of Jagger Saldana, are the surviving heirs at law of David Saldana, hereinafter called "the decedent." Plaintiffs bring this wrongful death and survival action pursuant to TEX.CIV.PRAC.&REM. CODE, 71.001 et seq. and 71.021, respectfully, because of injuries suffered by the decedent resulting in decedent's wrongful death based upon the facts and legal theories more fully set out above.

 D. Whether Plaintiff the Estate of **DAVID SALDANA** has been damaged by the Defendant in an amount in excess of the minimum jurisdictional limits of this court.

 E. Whether Plaintiffs **The Estate of David Saldana** are entitled to punitive damages from all the defendant.

## 10. EXHIBITS

Plaintiffs and Defendants Exhibit Lists are attached to this Pretrial Order and are incorporated by reference herein.

12. **SETTLEMENT**

All settlement efforts have been exhausted. This case cannot be settled, and will therefore have to tried.

13. **TRIAL**

    A.    The probable length of trial is approximately five (5) days;

    B.    Logistical problems-none.

14. **ATTACHMENTS**

    A.    The Parties' Exhibit Lists

    B.    The Parties' Proposed Voir Dire Examination;

    C.    The Parties' Proposed Charge, Instructions, Definitions, and Interrogatories to Jury; and,

    D.    Motion In Limine.

    E.    Plaintiffs' Jury Questionnarie - Voir Dire

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

    Executed this the _____ day of January, 2003.


_____
JUDGE PRESIDING